**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Joseph John MALONE, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 6, 2003.
Filed April 30, 2003.

---

Candace Cain, Public Defender, Pittsburgh, for appellant.

Michael W. Streily, Deputy Dist. Atty., and Sandra Preuhs, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

BEFORE: GRACI, CAVANAUGH, JJ., and McEWEN, P.J.E.

OPINION BY GRACI, J.:

¶ 1 Appellant, Joseph J. Malone ("Malone") appeals from an order entered on February 4, 2002, in the Court of Common Pleas of Allegheny County, denying Malone's petition for relief under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541–9546. For the reasons set forth below, we vacate the order and remand this matter with directions.

## I. FACTUAL AND PROCEDURAL HISTORY

¶ 2 Malone was charged by information filed September 25, 2000 with two counts of driving under the influence of alcohol or controlled substance, 75 Pa.C.S.A. § 3731(a)(1), (4). Malone was also charged with two Motor Vehicle Code summary offenses: driving while operating privilege is suspended or revoked, 75 Pa. C.S.A. § 1543, and driving without required financial responsibility, 75 Pa. C.S.A. § 1786. On October 5, 2000, Malone appeared before the trial court with his attorney to enter a plea of guilty to the information. Malone completed and signed a standard guilty plea colloquy form, which was made part of the record. The Commonwealth presented its summary of the case and the trial court accepted Malone's plea after determining that it was supported by an adequate factual basis.

¶ 3 At Malone's request, he proceeded immediately to sentencing. A Guideline Sentence Form submitted to the trial court confirmed that this was Malone's sixth DUI offense. Malone was sentenced at count one (DUI) to a term of imprisonment of one to two years, with alternative housing permitted, effective July 27, 2000, and with parole granted effective July 27, 2001. The court also sentenced Malone to a consecutive term of probation of two years. No further penalty was imposed at count two of the information (DUI) or for the summary offense of driving without financial responsibility. On the summary offense of driving while operating privilege is suspended, the trial court sentenced Malone to a concurrent term of imprisonment of ninety days along with a $1000 fine.

¶ 4 Malone's plea counsel indicated on the record that they had discussed the advisability of filing a post-sentence motion and that Malone had voluntarily waived filing such a motion. N.T. Guilty Plea, 10/5/00, at 10:7–11. Malone did not pursue a direct appeal.

¶ 5 On June 13, 2001, Malone, now represented by new counsel, filed a motion seeking parole. The trial court denied the motion by order dated June 19, 2001.

¶ 6 On November 5, 2001, yet a third attorney ("PCRA counsel") filed a PCRA petition on Malone's behalf. PCRA counsel amended the petition on December 12, 2001. In his original and amended PCRA petitions, Malone raised various ineffective assistance claims against plea counsel and requested an evidentiary hearing, at which Malone intended to "present the testimony of prior counsel, the testimony of Mr. Malone, and the transcript of the prior pleadings [sic]." PCRA counsel did not attach signed certifications regarding the identity

of any witnesses or the substance of their proffered testimony. The PCRA court issued the following order announcing its notice of intent to dismiss Malone's PCRA petition:

AND NOW, to-wit, this 14th day of January, 2002, after review of the PCRA Petition filed in this case and the relevant portions of the record, this Court is satisfied that there are no genuine issues of material fact, that Petitioner is not entitled to relief, and that no purpose would be served by further proceedings.

Accordingly, this Court intends to dismiss the Petition with [sic] twenty (20) days of this Notice. Petitioner may respond within those twenty (20) days should he wish to do so. Pa.R.Cr.P. 1507(a).

Order of Court, 1/15/02. Thereafter, on February 4, 2002, the PCRA court dismissed Malone's PCRA petition, without a hearing, for "fail[ure] to state a claim upon which relief may be granted under the PCRA." Order of Court, 2/4/02. On March 5, 2002, the PCRA court appointed the Allegheny County Public Defender to represent Malone on appeal. Present counsel filed a notice of appeal on Malone's behalf on March 6, 2002 and a concise statement of matters complained of on appeal.

¶ 7 In his appeal from the denial of PCRA relief, Malone raises the following issues for our consideration:

I. Did plea counsel render ineffective assistance when he failed to object to a defective plea colloquy which failed to inform [Malone] of the elements of the offenses or the punishment[,] resulting in an unknowing and involuntary plea[,] and for failure to move to withdraw the plea?

. . .

II. Did the [PCRA] court abuse its discretion in dismissing the post-conviction petition without a hearing where [Malone] presented facts that if proven would entitle him to relief?

. . .

Brief for Appellant, at 5. In conjunction with his second issue, Malone argues, alternatively, that "if this court determines that the legal issues and facts as presented in the post conviction proceedings were not sufficiently pled or that the issue on appeal was not adequately preserved below, then post-conviction counsel was ineffective...." *Id.* at 21. For the reasons set forth below, we find that Malone is entitled to relief based upon his alternative argument.

## II. DISCUSSION

¶ 8 "When examining a post-conviction court's grant or denial of relief, our scope of review is limited to determining whether the court's findings were supported by the record and the court's order is otherwise free of legal error." *Commonwealth v. Knighten,* 742 A.2d 679, 682 (Pa.Super.1999), *appeal denied,* 563 Pa. 659, 759 A.2d 383 (2000) (citation omitted).

To prevail on a claim alleging counsel's ineffectiveness under the PCRA, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without any reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, i.e., there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different.

*Commonwealth v. Abdul–Salaam,* 570 Pa. 79, 808 A.2d 558, 561 (2001) (citations omitted).

> In *Commonwealth v. Albrecht,* 554 Pa. 31, 720 A.2d 693, 700 (Pa.1998), our Supreme Court recognized that a PCRA petitioner's right to appointed counsel, guaranteed by Pennsylvania Rule of Criminal Procedure 904 (formerly 1504), requires "an enforceable right to effective post-conviction counsel." Therefore, PCRA counsel's assistance may be examined on appeal from the denial of PCRA relief.[1]

*Commonwealth v. Lauro,* 819 A.2d 100, 108 (Pa.Super.2003) (citation omitted). Similarly,

> Pennsylvania courts have recognized expressly that every post-conviction litigant is entitled to "at least one *meaningful* opportunity to have ... issues reviewed, at least in the context of an ineffectiveness claim." *Commonwealth v. Kaufmann,* 405 Pa.Super. 335, 592 A.2d 691, 695 (Pa.Super.1991), quoting *Commonwealth v. Alexander,* 495 Pa. 26, 35, 432 A.2d 182, 186 (1981). This Court has admonished, accordingly, that "[t]he point in time at which a trial court may determine that a PCRA petitioner's claims are frivolous or meritless is after the petitioner has been afforded a full and fair opportunity to present those claims." [citation omitted]. Our supreme court has recognized that such an opportunity is best assured where the petitioner is provided representation by competent counsel "whose ability to frame the issues in a legally meaningful fashion insures the trial court that all relevant considerations will be brought to its attention." *Commonwealth v. Carrier,* 494 Pa. 305, 309, 431 A.2d 271, 273 (1981).

*Commonwealth v. Hampton,* 718 A.2d 1250, 1252 (Pa.Super.1998) (emphasis original).

¶ 9 It is apparent that PCRA counsel did not provide Malone with a meaningful opportunity to obtain review of his underlying issues regarding the performance of plea counsel and an allegedly defective guilty plea colloquy.[2] The original and amended PCRA petitions filed by PCRA counsel failed to "frame the issues in a legally meaningful fashion," *Hampton,* for consideration by the trial court. Most notably, PCRA counsel failed to comply with the following provision of the PCRA:

---

1. We note that "[c]laims of PCRA counsel's ineffectiveness must be raised at the first opportunity at which the defendant is represented by counsel other than the attorney whose effectiveness is challenged." *Commonwealth v. Lauro,* 819 A.2d 100, 108 (Pa.Super.2003) (citing *Commonwealth v. Pursell,* 555 Pa. 233, 724 A.2d 293, 303 (1999)). This appeal represents Malone's first and only opportunity to challenge the effectiveness of PCRA counsel.

2. The Official Comment to Rule 590 of the Pennsylvania Rules of Criminal Procedure sets forth six areas in which a trial judge should inquire in order to determine whether a defendant's guilty plea is voluntarily and understandingly tendered. Pa.R.Crim.P. 590, comment. Inquiry into these areas is mandatory during a guilty plea colloquy under *Commonwealth v. Willis,* 471 Pa. 50, 369 A.2d 1189 (1977), and *Commonwealth v. Dilbeck,* 466 Pa. 543, 353 A.2d 824 (1976). We have reviewed the transcript of Malone's guilty plea hearing and find that there is arguable merit to his contention that the trial court conducted a deficient oral colloquy. For instance, the court did not apprise Malone of the elements of the offenses with which he had been charged or the possible range of penalties. Although Malone did complete a supplemental written plea colloquy, presumably with the assistance of plea counsel, it is unclear from this limited record whether Malone and his attorney discussed the nature of the charges against him, the permissible range of sentences, and the various rights that Malone was foregoing by entering a plea of guilty.

Where a petitioner requests an evidentiary hearing, the petition shall include a signed certification as to each intended witness stating the witness's name, address, date of birth and substance of testimony and shall include any documents material to that witness's testimony.

42 Pa.C.S.A. § 9545(d).[3] PCRA counsel's unsupported assurance that he would "present the testimony of prior counsel [and] the testimony of Mr. Malone" falls far short of this requirement, especially where, as here, the substance of that testimony would obviously be crucial to resolution of the underlying issues. We can discern no reasonable basis for PCRA counsel's failure to comply with the pleading requirements of the PCRA and the Rules of Criminal Procedure. Although the record before us is limited, we are convinced that, had PCRA counsel complied with those requirements, there is a reasonable probability that the outcome would have been different. In this case, that outcome would have been the grant of an evidentiary hearing on Malone's claims regarding an allegedly defective plea colloquy and whether plea counsel should have objected to the colloquy or moved to withdraw Malone's plea.

¶ 10 Based upon the foregoing, we are constrained to vacate the order dismissing Malone's PCRA petition and to remand this matter to the PCRA court. Malone, with present counsel, will be entitled to amend his PCRA petition to conform to the Rules of Criminal Procedure applicable to said petitions. The PCRA court will then be able to determine if a hearing on the petition is necessary and, if required, hold such a hearing and dispose of the petition.

¶ 11 Order vacated. Case remanded with directions. Jurisdiction relinquished.

---

**3.** Rule 902 of the Pennsylvania Rules of Criminal Procedure ("Content of Petition for Post–Conviction Collateral Relief; Request for Discovery") imposes similar requirements. With respect to a petitioner's request for an evidentiary hearing, Rule 902 requires inclusion of "a signed certification as to each intended witness, stating the witness's name, address, and date of birth, and the substance of the witness's testimony. Any documents material to the witness's testimony shall also be included in the petition[.]" Pa.R.Crim.P. 902(A)(15). Rule 902 also states that "[t]he defendant shall attach to the petition any affidavits, records, documents, or other evidence which show the facts stated in support of the grounds for relief, or the petition shall state why they are not attached." Pa.R.Crim.P. 902(D).