J-S80040-18

2019 PA Super 183

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RASHEEN GRAYSON | : | |
| | : | |
| Appellant | : | No. 2181 EDA 2018 |

Appeal from the PCRA Order Entered July 9, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0002674-2014

BEFORE: BENDER, P.J.E., BOWES, J., and NICHOLS, J.

OPINION BY NICHOLS, J.:                            **Filed June 10, 2019**

Appellant Rasheen Grayson appeals from the order dismissing, without an evidentiary hearing, his timely first Post Conviction Relief Act[1] (PCRA) petition.[2]  On appeal, Appellant claims the PCRA court erred by denying him an evidentiary hearing because he did not include a witness certification for his own testimony.  Appellant also alleges that trial counsel was ineffective by advising him to reject a plea offer of two-and-a-half to five years' imprisonment because counsel said the court would sentence him to three to six years' imprisonment.  Lastly, Appellant argues that the PCRA court erred by denying him relief on his claim that the trial court failed to give him credit for time served.  We affirm in part, vacate in part, and remand for an

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] We resolve Appellant's appeals together.

evidentiary hearing limited to resolving whether trial counsel was ineffective by advising Appellant to reject a plea offer.

We adopt the facts and procedural history set forth in the PCRA court's decision. *See* PCRA Ct. Op., 9/19/18, at 1-8. We note that PCRA counsel filed an amended PCRA petition, alleging, in part, the following:

6. Prior to trial, the Commonwealth offered a negotiated plea bargain that if [Appellant] would plead guilty to one count of PWID, his prison sentence would be 2 ½ to 5 years, followed by three years of probation.

7. [Appellant's] counsel informed him of the offer but advised him not to take it because even if he was found guilty his sentence would likely be 3 to 6 years.

8. Based on counsel's . . . incorrect advice regarding his likely sentence if found guilty, he rejected the offer.

\* \* \*

11. [Appellant's] trial counsel was ineffective in advising [Appellant] to reject the plea offer because she incorrectly believed that [Appellant's] sentence, if he were found guilty, would be 3 to 6 years, not 6 to 12 years.

12. Trial counsel's ineffective advice led to the offer's rejection.

13. [Appellant] would have accepted the offer but for his counsel's ineffective advice.

14. The offer of 2 ½ to 5 years of incarceration was less severe than the sentence of 6 to 12 years of incarceration which [Appellant] received.

15. Following the undersigned counsel's review of the record and investigation of the case, the grounds for relief requested are:

a) [Appellant's] counsel were [sic] ineffective in advising [Appellant] to reject the plea offer;

b) [Appellant] would have agreed to the guilty plea offer if he had been effectively advised;

c) [Appellant] is innocent of the charges;

d) [Appellant's] counsel was ineffective in advising [Appellant] that his sentence would be 3 to 6 years if found guilty of one count of PWID.

\*   \*   \*

17. If [Appellant] had accepted the plea offer, the Court would have accepted the plea and sentenced [Appellant] to 2 ½ to 5 years.

18. But for the ineffectiveness of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e. that [Appellant] would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), the court would have accepted its terms, and the sentence under the offer's terms (2 ½ to 5 years) would have been less severe than the sentence [Appellant] received (6 to 12 years).

Am. PCRA Pet., 3/16/18, at 1-2. The petition requested an evidentiary hearing, but did not include a Pa.R.Crim.P. 902(A)(15)[3] certification.

The Commonwealth filed an answer that did dispute Appellant's factual allegations, but which argued the PCRA court should dismiss Appellant's

_____

[3] Rule 902(A)(15) states that a PCRA petition that requests an evidentiary hearing must include the following:

The request for an evidentiary hearing shall include a signed certification as to each intended witness, stating the witness's name, address, and date of birth, and the substance of the witness's testimony. Any documents material to the witness's testimony shall also be included in the petition[.]

Pa.R.Crim.P. 902(A)(15).

- 3 -

petition because he failed to include any Rule 902(A)(15) certification for himself, trial counsel, or any witness. Commonwealth's Answer to Am. PCRA Pet., 4/20/18, at 4. In the Commonwealth's view, Appellant "failed to establish a genuine issue of material fact for a hearing." *Id.*

On April 24, 2018, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss, which notified Appellant that his PCRA petition did not identify any witnesses or include certifications that would support his claim of counsel's ineffectiveness. Pa.R.Crim.P. 907 Notice, 4/24/18, at 3. Appellant's counsel filed a response, arguing that although he did not include a witness certification, Appellant would be the only witness and that it was common practice in Delaware County to accept an unsworn 18 Pa.C.S. § 4904 verification. Appellant's Resp. to Rule 907 Notice, 5/11/18, at 2. Appellant's counsel then asserted that Appellant would be the only witness and stated Appellant's address, date of birth, and the substance of his testimony. *Id.* Appellant's counsel claimed his response should satisfy Rule 902(A)(15). *Id.*

On July 9, 2018, the PCRA court dismissed Appellant's petition, and Appellant timely appealed. Appellant timely filed a court-ordered Pa.R.A.P. 1925(b) statement.

Appellant raises the following issues:[4]

---

[4] Appellant raised three questions in his statement of the questions involved in his appellate brief. Appellant's Brief at 4. Appellant's argument section, however, was divided into two parts, and not three. *See* Pa.R.A.P. 2119(a)

[1.] The PCRA court erred in dismissing Appellant's PCRA petition, without an evidentiary hearing, where there was a genuine issue of fact regarding the advice that Appellant received which resulted in his rejection of the plea offer.

[2.] The PCRA court erred in dismissing Appellant's PCRA petition where the record clearly showed that Appellant did not rec[ei]ve credit for time served from March 25, 2014 (the date he was arrested) through March 12, 2015 (the date of sentencing).

Appellant's Brief at 12, 16.

Appellant raises two separate arguments in support of his first issue. First, Appellant notes that he raised factual assertions supported by a signed verification under 18 Pa.C.S. § 4904. *Id.* at 14. He contends that the PCRA court erred in dismissing his petition because he failed to include a Pa.R.Crim.P. 902 certification. *Id.* at 14-15.

The standard and scope of review of an order resolving a PCRA petition that claimed trial counsel was ineffective is well settled.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012) (citations omitted).

In construing a statute, we are guided by the following:

_____

(stating, the "argument shall be divided into as many parts as there are questions to be argued"). We therefore state the issues as raised in Appellant's argument section. *See id.*

When the question is one of statutory interpretation, our scope of review is plenary and the standard of review is *de novo*. Under the Statutory Construction Act of 1972, our paramount interpretative task is to give effect to the intent of our General Assembly in enacting the particular legislation under review. We are mindful that the object of all statutory interpretation is to ascertain and effectuate the intention of the General Assembly and the best indication of the legislature's intent is the plain language of the statute. When the words of a statute are clear and unambiguous, we may not go beyond the plain meaning of the language of the statute under the pretext of pursuing its spirit. However, only when the words of the statute are ambiguous should a reviewing court seek to ascertain the intent of the General Assembly through considerations of the various factors found in Section 1921(c) of the Statutory Construction Act, 1 Pa. C.S. § 1921(c).

***Commonwealth v. Grove***, 170 A.3d 1127, 1141-42 (Pa. Super. 2017)

(brackets, ellipses, and citation omitted).

Section 9545(d)(1) of the PCRA sets forth the certification requirement

for an evidentiary hearing:

(i) Where a petitioner requests an evidentiary hearing, the petition shall include a certification signed by each intended witness stating the witness's name, address, date of birth and substance of testimony and shall include any documents material to that witness's testimony.

(ii) If a petitioner is unable to obtain the signature of a witness under subparagraph (i), the petitioner shall include a certification, signed by the petitioner or counsel, stating the witness's name, address, date of birth and substance of testimony. In lieu of including the witness's name and address in the certification under this subparagraph, counsel may provide the witness's name and address directly to the Commonwealth. The certification under this subparagraph shall include any documents material to the witness's testimony and specify the basis of the petitioner's information regarding the witness and the petitioner's efforts to obtain the witness's signature. . . .

(iii) Failure to substantially comply with the requirements of this paragraph shall render the proposed witness's testimony inadmissible.

42 Pa.C.S. § 9545(d)(1)(i)-(ii); **see also** Pa.R.Crim.P. 902(A)(15).

In **Commonwealth v. Brown**, 767 A.2d 576 (Pa. Super. 2001), the Court examined whether Section 9545 required the petitioner to submit witness affidavits for an evidentiary hearing. The **Brown** Court held that a petitioner must include as part of the petition, "only a signed certification as to each intended witness and the petitioner must also provide the witness's name, address, date of birth and the substance of the proposed testimony." **Id.** at 582 (footnote omitted). The Court relied, in part, on "the notes from the legislative history pertaining to the enactment of this statutory section [that] indicate that the legislature expressly considered the question of whether a PCRA petitioner would be required to obtain a sworn or notarized statement from a proposed witness." **Brown**, 767 A.2d at 582-83.

We quote the relevant legislative history:

In addition, when we held the hearing there was concern about the fact that when you file a petition, we want to make sure that it is a meritorious petition, we do not want to have a frivolous petition, that there are some witnesses that would be available to testify, so the original bill required that each witness had to sign a statement and have a notarized, sworn statement at the end of the statement indicating that this was a true and correct representation of what he would testify to at the coming collateral hearing. There were objections to that, feeling that that was too onerous to require a defendant to go out and obtained notarized statements from all of his witnesses, some of which would be hostile witnesses, and I agreed with that.

- 7 -

> So as a result, this amendment allows a defendant to merely present a summary of the statement so we know generally what that witness is going to say and merely sign a certification. Either the witness, his attorney, the defendant's attorney, or the petitioner himself, the defendant himself can sign a certification saying to his best knowledge that this was an accurate statement of what the witness would testify to. So I think it is an effort, again, not to take anyone's rights away from him but also to help that defendant in the processing of his appeal and hopefully to make it easier for him to obtain a hearing, which we want him to obtain.

*Id.* (quoting Pa. Senate Journal, 1st Spec. Sess., June 13, 1995, at 217). The petitioner does not need to include a witness affidavit, *see id.*, and, additionally, may prepare any such witness certification. *Commonwealth v. Pander*, 100 A.3d 626, 639 (Pa. Super. 2014) (*en banc*).

Here, Section 9545(d)(1) distinguishes between the terms "petitioner" and "witness". *See* 42 Pa.C.S. § 9545(d)(1). The Pennsylvania legislature could have, but chose not to, include the term "petitioner" to require the petitioner to include a certification. *See Grove*, 170 A.3d at 1141-42; *Brown*, 767 A.2d at 582-83. Therefore, Section 9545(d)(1) does not require a petitioner to include a certification of the petitioner's own testimony. *See Brown*, 767 A.2d at 582-83. Appellant did not have to include a certification for his own testimony with his PCRA petition. *See id.*

We are aware of *Commonwealth v. Malone*, 823 A.2d 931 (Pa. Super. 2003), in which this Court addressed whether plea counsel was ineffective for failing to object to an improper plea colloquy. *Malone*, 823 A.2d at 934. In *Malone*, the petitioner's PCRA counsel had filed a PCRA petition requesting an

evidentiary hearing at which the petitioner stated he intended to present the testimony of himself and plea counsel. *Id.* PCRA counsel, however, "did not attach signed certifications regarding the identity of any witnesses or the substance of their proffered testimony." *Id.* at 933-34.

The PCRA court, after issuing a Rule 907 notice, dismissed the petition. *Id.* at 934. The petitioner appealed, and this Court granted relief.[5] In doing so, the *Malone* Court criticized PCRA counsel for his "unsupported assurance that he would present the testimony of prior counsel and the testimony of Mr. Malone." *Id.* at 936 (internal quotation marks omitted). The Court reasoned that the "substance of [their] testimony would obviously be crucial to resolution of the underlying issues." *Id.*

> We can discern no reasonable basis for PCRA counsel's failure to comply with the pleading requirements of the PCRA and the Rules of Criminal Procedure. Although the record before us is limited, we are convinced that, had PCRA counsel complied with those requirements, there is a reasonable probability that the outcome would have been different. In this case, that outcome would have been the grant of an evidentiary hearing on Malone's claims regarding an allegedly defective plea colloquy and whether plea counsel should have objected to the colloquy or moved to withdraw Malone's plea.

---

[5] In *Commonwealth v. Rykard*, 55 A.3d 1177 (Pa. Super. 2012), the Court reiterated that "a petitioner waives issues of PCRA counsel's effectiveness regarding *Turner*/*Finley* requirements if he declines to respond to the PCRA court's notice of intent to dismiss." *Id.* at 1186 (citing *Commonwealth v. Pitts*, 981 A.2d 875, 889 n.4 (Pa. 2009)).

***Id.*** The Court therefore vacated the PCRA court's order and remanded to have PCRA counsel file an amended PCRA petition. ***Id.***

The ***Malone*** Court, however, did not state whether the petitioner had included a Section 4904 unsworn verification with the counseled PCRA petition, like Appellant did in the instant case. Also, unlike the petitioner in ***Malone***, Appellant did not contend there would be another witness. Although the ***Malone*** Court suggested that a Section 9545 witness certification was required, it did not specifically address whether the petitioner himself was required to submit his own certification. There was also no indication that the petitioner's counsel raised anything more than boilerplate assertions of ineffectiveness. Given the statutory language and legislative history of Section 9545, we decline to construe ***Malone*** as imposing such a requirement on the petitioner. ***See*** 42 Pa.C.S. § 9545; ***Brown***, 767 A.2d at 582-83.[6]

Appellant, also in support of his first issue, contends that his petition "raised a genuine issue of fact regarding the advice that trial counsel gave him," supported by his Section 4904 verification. Appellant's Brief at 14. He notes that the Commonwealth did not dispute his factual averments and chose

---

[6] We note that the original language of the bill would have required a petitioner to obtained notarized witness statements. ***See Brown***, 767 A.2d at 582-83. The Legislature did not signal that its understanding of the definition of "witness" also included the petitioner, who would have faced similar difficulties in obtaining a notarized statement.

to pursue dismissal based upon his failure to comply with Rule 902. *Id.* at 14-15. Appellant challenges the trial court's rationale that no genuine issue of fact exists because Appellant was present in the courtroom when the plea was discussed. *Id.* at 15.[7] Appellant argues that the court did "not cite to any notes of testimony for these conversations and there is no indication that Appellant understood these alleged conversations, only that he was 'present in the courtroom.'" *Id.* (quoting PCRA Ct. Op. at 11). In sum, Appellant claims the PCRA court's conclusion lacks record support, and an evidentiary hearing is required because his PCRA petition raised factual assertions that the Commonwealth did not deny. *Id.* 15-16.

_____

[7] Appellant is referring to the trial court's reasoning, which we quote below:

> [T]his [c]ourt held several hearings prior to Appellant's decision to go to trial in which the plea offer and possible repercussions were discussed where both counsel and Appellant were present. Most notably, on August 12, 2014, Appellant was in court for a status hearing with his attorney. During the hearing, Appellant insisted on going to trial, in light of that the Commonwealth then revoked all offers and gave oral notification that they would be proceeding on the five-year mandatory minimum for the offenses. Appellant was present in the courtroom for that conversation. It wasn't until the day of trial that the [c]ourt denied the Commonwealth's request to amend the informations based upon the mandatory minimums and the decision rendered in *Alleyne v. United States*.

PCRA Ct. Op. at 11. The above excerpt from the PCRA court's opinion did not cite to the record. We reviewed the transcript of the August 12, 2014 hearing. In response to Appellant's request to go to trial, the Commonwealth noted that it would revoke "all offers and [notify Appellant that the Commonwealth] will be proceeding on the five-year mandatory minimum with these offenses." N.T. Hr'g, 8/12/14, at 4.

[T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

To prevail on a claim alleging counsel's ineffectiveness under the PCRA, [the petitioner] must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, *i.e.* there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different.

It is clear that a criminal defendant's right to effective counsel extends to the plea process, as well as during trial.

***Wah***, 42 A.3d at 338-39 (citations and quotation marks omitted). Generally, "if there are factual issues to be resolved," the PCRA court should hold an evidentiary hearing. ***Commonwealth v. Morris***, 684 A.2d 1037, 1042 (Pa. 1996) (citation omitted); ***Commonwealth v. Barbosa***, 819 A.2d 81, 85 (Pa. Super. 2003) (stating, "A court may not summarily dismiss a PCRA petition, however, when the facts alleged in the petition, if proven, would entitle the petitioner to relief." (internal quotation marks and citation omitted)).

Initially, we agree with Appellant that the Commonwealth did not dispute his factual averments. ***See generally*** Commonwealth's Answer to Am. PCRA Pet. We have also reviewed the PCRA court's rationale that no genuine issues of fact exist because Appellant was present in the courtroom

on August 12, 2014, when the plea was discussed. ***See generally*** Appellant's Brief at 14; N.T., 8/12/14, at 4. But no one at the hearing discussed the Commonwealth's plea offer of two-and-a-half to five years' imprisonment. ***See generally*** N.T., 8/12/14, at 1-7. The hearing did not negate any genuine issues of fact such that Appellant would not be entitled to relief based on the facts averred in his PCRA petition. ***See Barbosa***, 819 A.2d at 85. Under the circumstances, a limited evidentiary hearing at which Appellant's then-counsel can testify about the circumstances surrounding Appellant's rejection of Commonwealth's plea deal would be appropriate. ***See id.***

Appellant's second issue is that the trial court failed to give him credit for time served. Appellant's Brief at 17. Specifically, Appellant contends the trial court failed to give him credit for his imprisonment between the date of his arrest and the date of his sentencing. ***Id.*** Appellant insists that a hearing must be held to ascertain why he did not receive credit. ***Id.***

In ***Commonwealth v. Heredia***, 97 A.3d 392 (Pa. Super. 2014), the Court stated that "only when the petitioner challenges the legality of a trial court's alleged failure to award credit for time served as required by law in imposing sentence, that a challenge to the sentence [is] deemed cognizable as a due process claim in PCRA proceedings." ***Id.*** at 395 (citation omitted). Instantly, the record reflects that the trial court's sentencing order stated that Appellant was to receive credit for time served. Sentencing Order, 3/12/15, at 1. Therefore, because Appellant's issue is unsupported by the record, he

is not entitled to relief. For these reasons, we affirm the PCRA court's order regarding Appellant's claim to sentencing credit, but vacate the PCRA court's order and remand for an evidentiary hearing at which Appellant's former counsel may testify about the circumstances surrounding Appellant's rejection of Commonwealth's plea deal. *See Barbosa*, 819 A.2d at 85.

Order affirmed in part and vacated in part. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/10/2019