J-A16024-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEFANO MIGUEL VILLAMAR-ARIAS | : | |
| | : | |
| Appellant | : | No. 263 MDA 2021 |

Appeal from the PCRA Order Entered February 9, 2021
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0002275-2019

BEFORE:   KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McCAFFERY, J.:          **FILED SEPTEMBER 08, 2021**

Stefano Miguel Villamar-Arias (Appellant) appeals from the order entered in the Lancaster County Court of Common Pleas dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  Appellant seeks relief from the judgment of sentence of one to seven years' imprisonment imposed following his guilty plea to driving under the influence of alcohol (DUI),[2] graded as a third offense.  On appeal, he insists the PCRA court erred when it determined the decision of this Court in **_Commonwealth v. Chichkin_**, 232 A.3d 959 (Pa. Super. 2020) — which held that the provision of the DUI sentencing enhancement statute defining a prior acceptance of

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 75 Pa.C.S. § 3802(a)(1).

accelerated rehabilitative disposition (ARD) as a prior offense is unconstitutional[3] — cannot be applied retroactively to invalidate his sentence. We affirm.

The relevant facts and procedural history are as follows. In March of 2019, Appellant was charged with public drunkenness[4] and DUI, graded as third-degree felony. Appellant refused a breath test and had two prior DUI charges. **See** Police Criminal Complaint, 3/21/19, at 2; 75 Pa.C.S. § 3803(b)(4.1). He had "completed the [ARD] program for a DUI offense in 2013 and . . . pled guilty to a subsequent DUI in 2016."[5] Pa.R.Crim.P. 907 Notice, 1/7/21, at 2; 75 Pa.C.S. § 3806(a) (defining "prior offense" as "any conviction for which judgment of sentence has been imposed [or] acceptance of Accelerated Rehabilitative Disposition"). Accordingly, Appellant was subject to a mandatory term of one year imprisonment pursuant to Section 3804(c)(3)(i). **See** 75 Pa.C.S. § 3804(c)(3)(i) ("An individual who violates section 3802(a)(1) and refused testing of breath . . . shall be sentenced . . . [f]or a third or subsequent offense, to . . . undergo imprisonment of not less than one year"). On February 14, 2020, Appellant entered a guilty plea to

---

[3] **See Chichkin**, 232 A.3d at 971.

[4] 18 Pa.C.S. § 5505.

[5] The certified record does not include a transcript from the February 14, 2020, guilty plea and sentencing hearing. Nevertheless, Appellant concedes he has two prior arrests for DUI, the first of which resulted in ARD. **See** Appellant's Petition for Post-Conviction Collateral Relief, 6/23/20, at 1-2 (unpaginated).

both charges, and the trial court imposed the mandatory minimum sentence of one to seven years' imprisonment. Appellant did not file a direct appeal.[6]

On June 23, 2020, Appellant filed a timely, counseled PCRA petition. He asserted that, pursuant to this Court's May 20, 2020, decision in **Chichkin**, "his prior ARD should not be calculated as a prior offense" for grading purposes of his current conviction. **See** Appellant's Petition for Post-Conviction Collateral Relief at 4. Furthermore, because the maximum sentence for a second DUI offense is five years' incarceration, he insisted the sentence imposed by the trial court was illegal. **See id.** The Commonwealth filed a response, asserting that **Chichkin** does not apply "retroactively in a PCRA setting[.]" Commonwealth's Response to [Appellant's] Amended Petition for Post-Conviction Relief, 8/13/20, at 2 (unpaginated).

On January 7, 2021, the PCRA court issued notice of its intent to dismiss the petition without first conducting an evidentiary hearing pursuant to Pa.R.Crim.P. 907. Consistent with the position of the Commonwealth, the PCRA court found that **Chichkin** did not apply retroactively to cases on collateral review. **See** Pa.R.Crim.P. 907 Notice, 1/7/21, at 3-4. Appellant

---

[6] Appellant had until March 16, 2020, to file a timely appeal. **See** 1 Pa.C.S. § 1908 (when last day of a time computation falls on a weekend, that day shall be omitted from the computation). This deadline expired three days **before** the Pennsylvania Supreme Court extending filing periods in response to the COVID-19 pandemic. **See In re Gen. Statewide Jud. Emergency**, 230 A.3d 1015 (Pa. 2020) (extending filing deadlines to June 1, 2020, for all legal papers "which are required to be filed between March 19, 2020, and May 8, 2020").

filed a timely response on January 27, 2021.  Nevertheless, on February 8th, the PCRA court entered an order dismissing Appellant's petition.  This timely appeal follows.

Appellant presents one issue for our review:

Should the rule set forth in **Commonwealth v. Chichkin**, establishing that an ARD disposition shall not be considered a prior conviction for sentencing purposes on a subsequent criminal charge, apply retroactively to Appellant's sentence?

Appellant's Brief at 5.

Our standard of review of an order denying PCRA relief is well-established:  "[W]e must determine whether the PCRA court's order "is supported by the record and free of legal error."  **Commonwealth v. Johnson**, 139 A.3d 1257, 1272 (Pa. 2016) (citation omitted).  Furthermore, "[i]t is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence."  **Commonwealth v. Grayson**, 212 A.3d 1047, 1054 (Pa. Super. 2019) (citation omitted).

In **Chichkin**, this Court held that a defendant's prior acceptance of ARD "cannot be categorized as [a] 'prior conviction[ ]'" for purposes of the DUI recidivist sentencing statute — and, accordingly, "exempt from the holding of **Apprendi** [ **v. New Jersey**, 530 U.S. 466 (2000)] and **Alleyne** [**v. United States**, 570 U.S. 99 (2013)]" — because ARD is a "**pretrial** disposition of charges."  **See Chichkin**, 232 A.3d at 967.  Relying on **Alleyne**, we opined:

because [defendants'] prior acceptances of ARD do not constitute convictions "cloaked in all the constitutional safeguards," we

- 4 -

> conclude they are a "fact" that, pursuant to **Alleyne**, **Apprendi**, and their progeny, must be presented to the fact finder and determined beyond a reasonable doubt before a trial court may impose a mandatory minimum sentence under Section 3804. Accordingly, that portion of 75 Pa.C.S. § 3806(a), which statutorily equates a prior acceptance of ARD to a prior conviction for purposes of subjecting a defendant to a mandatory minimum sentence under Section 3804, is unconstitutional.

**Id.** at 968.

Appellant maintains that, under the ruling in **Chichkin**, his conviction of DUI as a third offense is "*void ab initio* and, as such, [his] sentence is and always was illegal under Pennsylvania law." Appellant's Brief at 8-9. Because his prior acceptance of ARD is not a prior conviction under Section 3806(a), he insists he is "serving a sentence for a crime he did not commit." **Id.** at 13. Accordingly, Appellant contends **Chichkin**, which was decided **after** his conviction and sentencing, should apply retroactively to invalidate his sentence.

Recently, a panel of this Court considered, and rejected, this exact claim on appeal. **See Commonwealth v. Gill**, ____ A.3d ____, 2021 WL 3629331 (Pa. Super. Aug. 17, 2021). In **Gill**, the panel first acknowledged that new constitutional procedural rules generally apply only to "**future cases** and matters that are pending on **direct review** at the time" the decision is filed. **Id.** at ____, 2021 WL 3629331 at *2 (citation omitted). However, a new rule applies retroactively to cases on collateral review in two circumstances: "if [the rule] is substantive in nature or if it is considered a watershed rule of

- 5 -

criminal procedure implicating the fundamental fairness and accuracy of the proceeding." *Id.* (citation omitted).

Next, the *Gill* Court considered the Pennsylvania Supreme Court's treatment of *Alleyne* in PCRA proceedings. *See Gill*, ___ A.3d at ___, 2021 WL 3629331 at *2-*3. The panel noted that in *Commonwealth v. Washington*, 142 A.3d 810 (Pa. 2016), the Supreme Court held *Alleyne* does **not** apply retroactively to cases pending on collateral review since it is neither a substantive rule, nor a watershed rule of criminal procedure. *See Gill*, ___ A.3d at ___, 2021 WL 3629331 at *2-*3, *citing Washington*, 142 A.3d at 818-20.

Relying on *Washington*'s rationale, the *Gill* Court concluded the ruling in *Chichkin* is, similarly, "procedural in nature and does not apply retroactively to [a] collateral PCRA petition." *Gill*, ___ A.3d at ___, 2021 WL 3629331 at *3. The panel opined:

> [*Chichkin*] does not decriminalize any type of conduct or prohibit punishment against a particular class of persons, as it impacts only how the DUI offense is graded. Given the broad discretion afforded to the trial court at sentencing and its obligation to consider the defendant's relevant circumstances and background, including whether he participated in an ARD program for DUI, *Chichkin* does not represent a watershed procedural rule[.]

*Id.* (citations omitted).

The decision in **Gill** is dispositive of Appellant's sole claim on appeal. Thus, we affirm the order denying PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/8/2021