J-S44009-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHRON KARREEM LINDER | : | |
| | : | |
| Appellant | : | No. 1024 EDA 2023 |

Appeal from the PCRA Order Entered April 4, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0006389-2016

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHRON KARREEM LINDER | : | |
| | : | |
| Appellant | : | No. 1025 EDA 2023 |

Appeal from the PCRA Order Entered April 4, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0001350-2017

BEFORE: NICHOLS, J., MURRAY, J., and LANE, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED OCTOBER 21, 2025**

Appellant Shron Karreem Linder appeals from the order denying his

Post-Conviction Relief Act[1] (PCRA) petition without a hearing.[2]  On appeal,

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] We note that these appeals were consolidated sua sponte pursuant to
Pa.R.A.P. 513 on June 13, 2023.

Appellant argues that the PCRA court erred by failing to conduct a hearing and rejecting his claims alleging that trial counsel was ineffective. We affirm.

By way of background, Appellant was convicted of corrupt organizations, conspiracy, and criminal attempt to commit burglary following a stipulated bench trial in 2018.[3] On March 5, 2018, the trial court imposed an aggregate sentence of eight and a half to seventeen years' imprisonment. On direct appeal, this Court affirmed Appellant's judgment of sentence. **Commonwealth v. Linder**, 1180 EDA 2018, 2020 WL 686182 (Pa. Super. filed Feb. 11, 2020) (unpublished mem.), *appeal denied*, 124 MAL 2020, 235 A.3d 276 (Pa. 2020).

Appellant filed a timely *pro se* PCRA petition on DATE. The PCRA court appointed counsel, Gregory P. DiPippo, Esq. (PCRA Counsel) who filed an amended petition on Appellant's behalf. The PCRA court summarized Appellant's claims as follows:

> (1) trial counsel was ineffective for failing to properly explain the legal distinction and legal significance 1 between a stipulated bench trial and a jury trial; (2) failing to object to and correct the Assistant District Attorney classification that [Appellant]was entering a guilty plea; (3) failing to object to and challenge the evidence purported to be contained in the affidavit of probable cause; and (4) ineffective assistance of counsel for failing to interview potential witnesses that prejudiced Petitioner in making a decision to enter into a stipulated bench trial.

> After reviewing [Appellant's] PCRA petition and Commonwealth's Answer, this Court determined that [Appellant's] claims were without merit. Accordingly, on March 13, 2023, this court filed a

---

[3] We note that Appellant's convictions arose from two separate docket numbers.

notice of intent to dismiss the PCRA petition without a hearing, pursuant to Pa.R.Crim.P. 907. In the notice, this court laid out its legal reasoning for dismissing all eight claims. [Appellant] failed to file a timely response within the twenty (20) day time period. Accordingly, this court entered an order on April 4, 2023, dismissing Petitioner's Petition.

PCRA Ct. Op., 7/18/23, at 1-2 (some formatting altered).

On April 18, 2023, Appellant filed a timely notice of appeal. The PCRA court subsequent appointed Keith Harbison, Esq. (PCRA Appellate Counsel), who filed a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant raises the following issues:

1. Whether the [PCRA] court's decision to deny Appellant's request for a hearing on his PCRA claim that his trial counsel was ineffective in failing to object to the evidence in the affidavits of probable cause based upon the [PCRA] court's finding that Appellant's PCRA petition failed to satisfy the pleading requirements of Pa.R.Crim. 902(A)(12) and (D) when Appellant's March 3, 2021 *pro se* PCRA petition did include witnesses and exhibits that supported his request for a hearing as well as explanation of what the trial counsel failed to object to was an error of law and unsupported by the record.

2. Whether the [PCRA] court's decision to deny Appellant's request for a hearing on his PCRA claim that his trial counsel was ineffective for failing to interview potential witnesses who had information that would affect his decision to pursue the stipulated trial based upon the [PCRA] court's finding that Appellant's PCRA petition failed to satisfy the pleading requirements of Pa.R.Crim. 902(A)(15) when Appellant's March 3, 2021 *pro se* PCRA petition did include witnesses and exhibits that supported his request for a hearing was an error of law and unsupported by the record.

3. Whether the [PCRA] court's decision to deny Appellant's request for a hearing on his PCRA claims based upon the [PCRA] court's conclusion that Appellant failed to file a witness certification according to 42 Pa.C.S. § 9545(d)(i)(ii)(iii) when

- 3 -

Appellant's October 29, 2021 amended PCRA petition had a certification attached, signed by PCRA counsel, naming trial counsel as an intended witness with the expected area of testimony being "related to [Appellant's] understanding of entering into a stipulated bench trial and legal distinction and consequences of such action, in addition to preparation and investigation trial counsel undertook in representing [Appellant]" and Appellant's March 3, 2021 *pro se* PCRA petition included names, addresses and proposed testimony of numerous witnesses was an error of law and unsupported by the record.

Appellant's Brief at 4-5 (some formatting altered).

**Failure to Consider *Pro Se* Petition**

In his first two issues, Appellant argues that the PCRA court erred in rejecting his request for an evidentiary hearing because his *pro se* petition included sufficient information to satisfy the pleading requirements set forth at Pa.R.Crim. 902. *Id.* at 13-21. Appellant argues that although the amended petition filed by PCRA counsel did not include the same exhibits from his *pro se* petition, "the inclusion of the same argument in the amended petition should have [led] the [PCRA] court to consider the same witnesses and exhibits contained in Appellant's *pro se* petition." *Id.* at 17, 20. Therefore, Appellant requests that we "remand this matter to give Appellant the opportunity to amend his PCRA petition to comply with the Pennsylvania Rules of Criminal Procedure." *Id.* at 17 n.1 (citing ***Commonwealth v. Malone***, 823 A.2d 931 (Pa. Super. 2003)).

In reviewing the denial of a PCRA petition, our standard of review

is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when

- 4 -

supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

Furthermore, to establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

\* \* \*

Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective. Moreover, a failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043-44 (Pa. Super. 2019) (citations omitted and formatting altered). Additionally, "[c]ounsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Davis*, 262 A.3d 589, 596 (Pa. Super. 2021) (citation omitted).

Our Supreme Court has held that the rule against hybrid representation does not require a PCRA court to address all issues raised in a *pro se* PCRA petition when appointed counsel files an amended PCRA petition. *Commonwealth v. Pursell*, 724 A.2d 293, 301-02 (Pa. 1999).

The *Pursell* Court reasoned:

This Court in [*Commonwealth v. Ellis*, 626 A.2d 1137 (Pa. 1993)] held that a defendant in a criminal case may not confuse and overburden the courts by filing his own *pro se*

- 5 -

briefs at the same time his counsel is filing briefs for him. There is no right to that type of hybrid representation at trial or on appeal, and the decision whether to allow such hybrid representation is within the sound discretion of the trial court. This Court further explained the *Ellis* decision in *Commonwealth v. Rogers*, [645 A.2d 223 (Pa. 1994)], in which we held that the Superior Court may prohibit the filing of *pro se* briefs by appellants represented by counsel on appeal. In *Rogers*, our decision stated that we may require that appellants remain with counsel through the appeal once counsel has filed a brief because to do otherwise would result in the confusion and overburdening of the court described in *Ellis*. The rationale of our decisions in *Ellis* and *Rogers* applies equally to PCRA proceedings in the Court of Common Pleas. We will not require courts considering PCRA petitions to struggle through the *pro se* filings of defendants when qualified counsel represent those defendants. *Id.* at 302.

*Commonwealth v. Thomas*, 2020 WL 6336067, at *6 (Pa. Super. 2020) (unpublished mem.).

In *Malone*, the appellant claimed that the PCRA court erred in denying his request for an evidentiary hearing because the petitioner "presented facts that if proven would entitle him to relief." *Malone*, 823 A.2d at 934. The appellant also argued that if this Court determined that "the legal issues and facts as presented in the [PCRA] proceedings were not sufficiently pled or that the issue on appeal was not adequately preserved below, then [PCRA] counsel was ineffective." *Id.* Ultimately, the *Malone* Court concluded that the petitioner was entitled to relief on his ineffectiveness claim, as counsel failed to provide a witness certification pursuant to 42 Pa.C.S. § 9545(d), and "PCRA counsel's unsupported assurance that he would "present the testimony of prior counsel" and testimony from the appellant fell "far short of this requirement,

especially where, as here, the substance of that testimony would obviously be crucial to resolution of the underlying issues." *Id.* at 936.

Here, the PCRA court addressed Appellant's claims as follows:

[Appellant] claims that trial counsel was ineffective for failing to object to the evidence in the affidavit of probable cause. This claim is without merit. Pa.R.Crim.P. 902(A)(12) states a PCRA petition must include the facts supporting each such claim [for relief requested] that (a) appear in the record, and put in the place in the record where they appear; and (b) do not appear in the record and other evidence showing such facts. *Id.* Further, Pa.R.Crim.P.902 (D) requires [petitioners] to "attach to the petition any affidavits, records, documents, or other evidence which show the facts stated in support of the grounds for relief, or the petition shall state why they are not attached." *Id.*

[Appellant] has failed to allege enough facts to support his claim for relief. Specifically, [Appellant] has failed to allege what evidence in the affidavit trial counsel should have objected to, and what would have been the result had an objection been made. *Commonwealth v. Duffey*, 855 A.2d 764, 768-69 (Pa. 2004). In addition, [Appellant] failed to attach said affidavit to his PCRA. *Commonwealth v. Meyerle*, 2023 WL 1957530, at *22 (Pa. Super. 2023) (petitioner failed to include "Exhibits" or any facts to support his claims thereby waiving them).

PCRA Ct. Op., 7/18/24, at 3-4.

Following our review of the record, we discern no error of law or abuse of discretion by the PCRA court. As noted previously, there is no right to hybrid representation. *See Thomas*, 2020 WL 6336067, at *6. Further, unlike in *Malone*, Appellant does not claim that PCRA counsel was ineffective for failing to include additional materials in the amended PCRA petition. Therefore, there is no basis for this Court to conclude that the PCRA court abused its discretion when it refused to consider additional issues or materials

that were excluded from the amended petition.  *See Pursell*, 724 A.2d at 301-02.  Accordingly, Appellant is not entitled to relief.

## Amended Petition

In his remaining claim, Appellant argues that the PCRA court erred in denying his request for an evidentiary hearing for trial counsel to provide testimony "related to [Appellant's] understanding of entering into a stipulated bench trial and legal distinction and consequences of such action, in addition to preparation and investigation trial counsel undertook in representing [Appellant]."  Appellant's Brief at 22.  Appellant contends that although the PCRA court concluded that Appellant waived his ineffectiveness claims by failing to include them in his Rule 1925(b) statement, the PCRA court "only specifically referenced the issue about waiver of jury trial as being an issue that should have been appealed and was therefore waived" and "did not give an explanation of how or why the issue of trial counsel's failure to 'prepare and investigate' should have been raised separately on appeal."  *Id.* at 23.  Appellant contends that, "at a minimum, Appellant should have been granted an opportunity to question trial counsel about his preparation and investigation at an evidentiary hearing." *Id.*

The PCRA court addressed Appellant's claim as follows:

Lastly, [Appellant] argues that the court erred in holding that the pleading requirements under Pa.R.Crim.[P.] 902(A)(15) and 42 Pa.C.S. § 9545(2) were not met.  In his PCRA, [Appellant] asserted that trial counsel was ineffective for failing to interview potential witnesses that prejudiced his decision to stipulate to the bench trial.  This court rejected said argument because [Appellant] failed to state who those witnesses are and what they

- 8 -

said that prejudiced [Appellant]. Accordingly, this court also held that the witness certification requirement was not satisfied for said witnesses.

However, after reviewing the statement of matters complained of on appeal, there is in fact only one witness: trial counsel, Matthew Quigg, Esq. A witness certification was also attached to the amended PCRA [petition], stating the substance of Matthew Quigg's proposed testimony would be related "to [Appellant's] understanding of entering into a stipulated bench trial and legal distinction and consequences of such action, in addition to preparation and investigation trial counsel undertook in representing [Appellant]." Based on these facts, it appears [Appellant] properly met the requirements of Pa.[R.]Crim.P. 902(A)(15) and 42 Pa.C.S.§ 9545.

Nonetheless, these two claims of errors are moot. Matthew Quigg's proposed testimony addresses whether [Appellant] voluntarily and knowingly stipulated to the bench trial. This issue was originally asserted in [Appellant's] PCRA petition. According to Pa.R.Crim.P. 620, the waiver for a jury trial must be done knowingly and intelligently by the defendant. *Id; see also Commonwealth v. Carey*, 340 A.2d 509, 510 (Pa. Super. 1975) (for waiver to constitute intentional relinquishment of a known right, the defendant must understand the nature and consequences of the waiver). However, this argument was waived on appeal because [Appellant] failed to raise this issue in the statement of matters complained of on appeal, thereby waiving this issue. Pa.R.A.P. 1925(b)(4)(vii); *Commonwealth v. Cooper*, 277 A.3d 1190 (Pa. Super. 2022) (defendant waived the argument that the trial court erred in recommitting him to serve his back time on prior sentence for retail theft conviction because new summary harassment conviction could not be the basis for a parole revocation where defendant failed to raise the issue in his statement of issues on appeal). Accordingly, because the main issue the purported witness was meant to address is waived, there was no error in dismissing these claims.

PCRA Ct. Op. at 4-5 (footnote omitted).

Following our review of the record, we discern no error of law in the

PCRA court's conclusions. *See Sandusky*, 203 A.3d at 1043-44. The record

reflects that Appellant's Rule 1925(b) statement was primarily focused on the PCRA court's alleged error in concluding that Appellant failed to meet the pleading requirements under Pa.R.Crim.P. 902(A)(15) and/or failed to file a witness certification pursuant to 42 Pa.C.S. § 9545(d)(1)(i)-(iii).   ***See*** Appellant's Rule 1925(b) Statement, 7/6/23, at 1-2.  Therefore, we agree with the PCRA court that Appellant is not entitled to relief.  Accordingly, we affirm.

Order affirmed.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>10/21/2025</u>