J-S53039-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER A. LATORRE | : | |
| | : | |
| Appellant | : | No. 2672 EDA 2018 |

Appeal from the PCRA Order Entered August 21, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0009532-2007

BEFORE: OLSON, J., STABILE, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                **FILED NOVEMBER 14, 2019**

Appellant Christopher A. Latorre appeals from the order dismissing his second Post Conviction Relief Act[1] (PCRA) petition as meritless.  Appellant argues that because he was unaware of the newly-discovered evidence of his co-defendant's false testimony, the PCRA court erred by dismissing his petition.  Appellant also contends that his sentence was unreasonable and excessive.  We affirm.

We state the facts as set forth by a prior panel of this Court:

On May 3, 2007, Ms. Carmen Delgado and the victim, Mr. Melvin Candaleria, were residing together [in] Philadelphia.  Following an argument which escalated into a physical altercation, both individuals left the residence and went to homes of respective family members.  Later in the afternoon, Ms. Delgado returned to the Linton Street residence along with Mr. Ezequiel Delgado, her brother, and Appellant, her stepbrother, to remove the victim's

_____

[1] 42 Pa.C.S. §§ 9541-9546.

belongings. Appellant was in possession of an operable firearm. Once arriving at her residence, Ms. Delgado and her two siblings began packing up the victim's personal items. Shortly thereafter, Ms. Delgado left the house, leaving her two siblings to continue packing.

The victim arrived home in the evening unaware that anyone was present inside. Upon entering the house, the victim heard footsteps upstairs and called Ms. Delgado's name twice. The victim did not receive a response, and began walking up the stairs to investigate. Part-way up the steps, Appellant entered the stairway and struck the victim on the left temple with a silver hand gun. The victim immediately recognized Appellant and said, "let's talk, it's not that serious." Appellant responded by telling the victim to leave the premises, while pointing the gun at him. The victim lifted his hands, and turned his body around in the leftward direction and began to descend the remaining steps. After taking two steps, Appellant discharged the weapon a single time. The bullet struck the victim, who was unarmed, several inches below the neck and one inch from the spinal cord.

After Appellant shot the victim, he began issuing verbal threats; he told the victim, "I will hurt you if you say anything," and not to tell anybody or else there would be problems. Mr. Delgado, who heard voices and a gunshot, ran down the stairs and observed the victim lying on the ground, and Appellant standing nearby. Mr. Delgado asked Appellant where he got the gun, and why did he shoot him. Appellant and Mr. Delgado then left the residence, while the victim remained lying near the base of the steps.

The victim crawled to the door, and was able to successfully summon a neighbor to call the paramedics. The victim was subsequently transported to Einstein Medical Center. As a result of the gunshot, victim is paralyzed from the chest down. Mr. Delgado has never seen the victim in possession of a firearm, and pursuant to [a] police search, no firearms were recovered from the Linton Street residence.

***Commonwealth v. Latorre***, 456 EDA 2013, 2014 WL 10978551, *1 (Pa. Super. filed Mar. 11, 2014) (unpublished mem.), *appeal denied*, 242 EAL 2014 (Pa. filed Sept. 3, 2014).[2]

Prior to Appellant's bench trial, Mr. Delgado pleaded guilty to aggravated assault and criminal conspiracy for his involvement with the shooting and was sentenced to a negotiated sentence of four years' probation. At Appellant's trial, Mr. Delgado testified for the Commonwealth. In relevant part, Mr. Delgado testified that his plea was not contingent upon him testifying for the Commonwealth. N.T. Trial, 4/24/08, at 51. Furthermore, Mr. Delgado testified about his initial statement to the police, in which he said that a female friend drove him to the complainant's home. ***Id.*** at 55. At trial, Mr. Delgado testified that the female friend did not drive him, contrary to his initial police statement. ***Id.*** at 55-56. Mr. Delgado otherwise testified in accord with his initial police statement, which inculpated Appellant. We add that the complainant also testified that Appellant shot him. ***Id.*** at 19. The trial testimony did not explicitly reveal who brought the gun, although Mr. Delgado denied having the gun. ***Id.*** at 64.

---

[2] Appellant's petition for allowance of appeal from this Court's decision in 456 EDA 2013 was filed under the caption "***Commonwealth v. Latore***."

The trial court convicted Appellant of aggravated assault, recklessly endangering another person (REAP), terroristic threats, possession of an instrument of crime, conspiracy, and firearms violations. *See Latorre*, 2014 WL 10978551 at *2. The trial court ordered a pre-sentence investigation report. *See* N.T. Trial at 135.

On June 11, 2008, the trial court sentenced Appellant to an aggregate sentence of nineteen and one-half to thirty-nine years' imprisonment followed by ten years' probation. Appellant filed a post-sentence motion, but did not challenge the trial court's failure to use a pre-sentence investigation report and its reliance on the complainant's impact statement. The trial court denied Appellant's post-sentence motion.

This Court affirmed Appellant's judgment of sentence. Our Supreme Court denied Appellant's petition for allowance of appeal on August 12, 2010.

On March 4, 2011, Appellant filed a first *pro se* PCRA petition. *See Latorre*, 2014 WL 10978551 at *2. The PCRA court appointed counsel, who filed an amended petition raising several claims of trial counsel's ineffective assistance and an illegal sentence claim. *Id.*

The PCRA court granted limited relief. Specifically, it agreed with Appellant that his REAP conviction "should have merged with aggravated assault for sentencing purposes." *Id.* As a result, the PCRA court resentenced Appellant to an aggregate sentence of eighteen and one-half years to thirty-

seven years' imprisonment. *Id.* The PCRA court denied Appellant's petition in all other respects.

Appellant appealed, and this Court affirmed on March 11, 2014. Appellant filed a petition for allowance of appeal, which our Supreme Court denied on September 3, 2014.

On November 20, 2017, Appellant, acting *pro se*, filed a second PCRA petition. In support, he claimed that on October 17, 2017, he received a letter from Mr. Delgado regarding his trial testimony. PCRA Pet., 11/20/17, at 3. Appellant's brief in support of his petition alleged that Mr. Delgado was coerced by the Commonwealth to testify falsely and raised a sentencing claim. *Id.* at 3(e), 3(t)-3(u).

Also attached to Appellant's brief was Mr. Delgado's notarized affidavit in which Mr. Delgado averred that he—not Appellant—initially had the gun. Ex. A to PCRA Pet. The affidavit further stated that Appellant grabbed the gun out of Mr. Delgado's hand and hit the complainant after the complainant "jumped out of nowhere." *Id.* According to the affidavit: "[Appellant] told [complainant] to leave, they were arguing and [complainant] turned to leave and seemed to be reaching for something and [Appellant] shot [complainant] in the back. . . ." *Id.*

Mr. Delgado further stated that the police arrested him and he gave a statement that "a girl [he] knew" drove them to Ms. Delgado's house and that he did not know "how the gun got there." *Id.* He contended that he initially

accepted a plea that would not require him to testify at Appellant's trial, but that the district attorney stated that he would, in fact, have to testify. *Id.*

Mr. Delgado, in his affidavit, claimed the following occurred at Appellant's trial:

> At [Appellant's] trial, the D.A. . . . told me that now was the time to change my statement if I wanted too [sic], so I told her that my sister Fatima Alvalez drove us to my sister's house, not some girl I knew, and that I had brought the gun to the house. [The D.A.] said to just stick to the original statement except for how we got to the house. When I got on the stand I testified to what I said in the original statement like [the D.A.] said, and not about what I told [the D.A.] about who drove us or me having the gun. [The D.A.] asked me if my deal was for me taking the stand and I said no. [The D.A.] made it look like I did it on my own. I was young and scared; I thought they were going to take my deal away so I told them what I said in my original statement like [the D.A.] said to do.

*Id.*

The Commonwealth filed a response stating that the petition was untimely and Appellant did not explain why the information in Mr. Delgado's affidavit could not have been obtained earlier. Answer to PCRA Pet., 5/12/18, at 2-3. On the merits, the Commonwealth contended that Mr. Delgado's affidavit was unreliable and, moreover, Mr. Delgado was one of many inculpatory witnesses, which included the complainant. *Id.* at 4. The Commonwealth emphasized that the trial court found the complainant's testimony "extremely credible" in inculpating Appellant. *Id.*

Appellant retained private counsel, who filed an amended PCRA petition on July 16, 2018. The counseled petition asserted that Appellant filed his *pro*

- 6 -

*se* petition within sixty days of receiving Mr. Delgado's affidavit. Am. PCRA Pet., 7/16/18, at 2 (unpaginated). The amended petition also distinguished Mr. Delgado's testimony by asserting that Mr. Delgado was the "only witness to **fully** observe" the events in question. *Id.* (emphasis in original). In Appellant's view, Mr. Delgado's proposed testimony would have been persuasive in exculpating him. *Id.* The counseled amended petition did not reiterate Appellant's sentencing claim.

On July 17, 2018, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition as meritless. Appellant filed a counseled response on August 4, 2018. In the response, Appellant contends that his PCRA petition was timely filed within sixty days of receiving Mr. Delgado's affidavit. Resp. to Rule 907 Notice, 8/4/18, at 1 (unpaginated). The response also invoked governmental interference; specifically, the Commonwealth knowingly presented the perjured testimony of Mr. Delgado. *Id.* at 2. Finally, the response reiterated Appellant's position that Mr. Delgado's affidavit regarding his trial testimony was evidence that would have impacted the outcome of Appellant's trial. *Id.* at 4.

On August 21, 2018, the PCRA court dismissed Appellant's PCRA petition. Appellant, acting *pro se*, timely appealed on September 11, 2018. Counsel for Appellant also filed a timely notice of appeal on September 18, 2018. This Court dismissed Appellant's earlier appeal as duplicative.

Appellant raises one issue on appeal: "Did the trial court err when it denied Appellant an evidentiary hearing?" Appellant's Brief at 4. In support, Appellant argues that he was unaware that Mr. Delgado testified against him in exchange for a favorable plea bargain. *Id.* at 14. Appellant asserts that he did not know that the district attorney suborned perjury by instructing Mr. Delgado to testify in substantial accord with his original police statement. *Id.* Appellant contends that he timely filed the present PCRA petition within sixty days of receiving Mr. Delgado's affidavit. *Id.* at 17.

Initially, we must address whether Appellant's PCRA petition was timely filed. In *Commonwealth v. Grayson*, 212 A.3d 1047 (Pa. Super. 2019), we set forth this Court's standard of review as follows:

> This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Grayson*, 212 A.3d at 1051 (citation omitted).

"[T]he timeliness of a PCRA petition is a jurisdictional requisite." *Commonwealth v. Brown*, 111 A.3d 171, 175 (Pa. Super. 2015). A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless the petitioner pleads and proves one of three statutory exceptions. 42 Pa.C.S. § 9545(b)(1). The three statutory exceptions include the following:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the

- 8 -

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

To invoke one of these exceptions, a petitioner must also file his petition within sixty days of the date the claim could have been presented. *See* 42 Pa.C.S. § 9545(b)(2) (subsequently amended eff. Dec. 2018);[3] ***Commonwealth v. Edmiston***, 65 A.3d 339, 346 (Pa. 2013) (stating, "We have established that this 60–day rule requires a petitioner to plead and prove that the information on which his claims are based could not have been obtained earlier despite the exercise of due diligence." (citations omitted)). It is the PCRA petitioner's "burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1094 (Pa. 2010) (citation omitted and some formatting altered).

---

[3] Section 9545(b)(2) was amended on October 24, 2018, effective December 24, 2018, extending the time for filing from sixty days of the date the claim could have been first presented to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. *See* Act of Oct. 24, 2018, P.L. 894, No. 146, § 3. Because Appellant filed his second PCRA petition on November 20, 2017, the amended Section (b)(2) does not apply to him.

Instantly, Appellant claimed that on October 17, 2017, he received Mr. Delgado's affidavit contending that the Commonwealth compelled him to testify falsely. Such a claim arguably falls within the governmental interference or the newly-discovered fact exceptions under subsection (b)(1)(i) and (ii), respectively. *See Commonwealth v. Davis*, 86 A.3d 883, 891 (Pa. Super. 2014) (addressing a petitioner's claims based on the Commonwealth's withholding of evidence that it made favorable deals and newly-discovered fact based a witness's recantation under subsections (b)(1)(i) and (ii)). Appellant, however, did not establish that he exercised due diligence in seeking this information earlier. *See Edmiston*, 65 A.3d at 341. As discussed above, Mr. Delgado stated in his affidavit that he had the gun initially and Appellant grabbed the gun out of his hand. Ex. A to PCRA Pet. Although Mr. Delgado denied having the gun at trial, *see* N.T. at 64, Appellant has not explained any steps he took in order to discover Mr. Delgado's conflicting testimony earlier.

Moreover, even assuming that Appellant had established that he could not have discovered the alleged perjured testimony with due diligence, *cf. Davis* at 86 A.3d at 890-91, Appellant is due no relief. Appellant contends that Mr. Delgado's affidavit was exculpatory, not cumulative, not used solely to impeach credibility, and would have led to a different verdict. Appellant's Brief at 17-18. Appellant reiterates that he could not have known that Mr. Delgado would falsely testify at the district attorney's request and deny that

his plea agreement was contingent upon testifying against Appellant. *Id.* at 18. Appellant faults the PCRA court for predetermining the credibility of Mr. Delgado. *Id.* at 18-19.

Appellant also challenges the PCRA court's reasoning that because Mr. Delgado, during his trial testimony, corrected one portion of his initial statement, the rest of his testimony should be considered true. *Id.* at 19. By way of explanation, the PCRA court observed that Mr. Delgado testified at trial that he had lied with respect to who drove him to the complainant's home. PCRA Ct. Op., 12/13/18, at 6. Because Mr. Delgado corrected his police statement at trial, the PCRA court asserted the correction "show[ed] that [Mr.] Delgado did not fear the Commonwealth," and the rest of his trial testimony must have been accurate. *Id.* In other words, the PCRA court reasoned, because Mr. Delgado "did not fear the Commonwealth," he could have easily corrected other assertions in his trial testimony. *Id.*

In *Commonwealth v. Pagan*, 950 A.2d 270, 293 (Pa. 2008), our Supreme Court identified four factors that a defendant must establish in order to obtain a new trial:

> (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

*Pagan*, 950 A.2d at 292 (citations omitted). We add that "an appellate court may not interfere with the denial or granting of a new trial where the sole

- 11 -

ground is the alleged recantation of state witnesses unless there has been a clear abuse of discretion." ***Commonwealth v. McCracken***, 659 A.2d 541, 549 (Pa. 1995). Specifically, this Court must review the entire record, and "first determine whether the trial judge's reasons and factual basis can be supported. Unless there are facts and inferences of record that disclose a palpable abuse of discretion, the trial judge's reasons should prevail." ***Id.*** at 545 (citation omitted).

Here, the record establishes that that the complainant testified at Appellant's trial. ***See id.*** Specifically, the complainant testified that Appellant possessed a gun, struck the complainant's head with the gun, aimed the gun at the complainant, and shot the complainant in the back as the complainant was walking down the stairs. ***See id.***; ***see also*** N.T. Trial at 16-19. The PCRA court concluded that the complainant's testimony alone established Appellant's guilt. PCRA Ct. Op. at 8. We agree.

In light of the complainant's testimony, Appellant has not established that Mr. Delgado's conflicting testimony would have resulted in a different verdict. ***See Pagan***, 950 A.2d at 292. Given that the sole basis for a new trial is Mr. Delgado's conflicting testimony in his affidavit, and after our review of the entire record, we cannot establish that the PCRA court abused its discretion in denying relief. ***See McCracken***, 659 A.2d at 549.

Lastly, Appellant contends the trial court erred by not using a previously-ordered pre-sentence investigation report and relying solely on the

complainant's victim impact statement. Appellant's Brief at 27. Initially, the issue was raised in Appellant's *pro se* PCRA petition. PCRA Pet., 11/20/17, at 3(u)-3(v). Appellant, however, filed an amended PCRA petition which omitted the issue thereby waiving it. **See** Pa.R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). In any event, his *pro se* petition failed to plead any timeliness exception for his sentencing claim. **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii). For these reasons, we affirm the order below.

Order affirmed.

Judge Stabile joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/14/19