J-S66029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM JACKSON | : | |
| | : | |
| Appellant | : | No. 2831 EDA 2018 |

Appeal from the PCRA Order Entered August 29, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0015799-2009,
CP-51-CR-0015800-2009, CP-51-CR-0015801-2009

BEFORE: STABILE, J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY NICHOLS, J.:                 **FILED JANUARY 23, 2020**

Appellant William Jackson appeals from the order dismissing his first

Post Conviction Relief Act[1] (PCRA) petition.  Appellant contends the PCRA court

erred by dismissing his petition without an evidentiary hearing.  We affirm.

We adopt the facts as set forth by the PCRA court:

On September 6, 2009, approximately 2:00 A.M., Decedent Kyle
Sterling and his companions exited the parking lot of the L Spot
Bar and Decedent accidently scraped the car of Gabrielle Jones, a
friend of the Appellant.  A dispute arose over payment for damage
to the car which Appellant [defused] and sent Decedent on his
way.  Before Decedent's vehicle reached the next intersection a
barrage of gunshots were directed towards the car by the
Appellant.  After the gunshots were fired the vehicle collided with
a dumpster truck with the Decedent observed inside, unconscious
and non-responsive.  Decedent succumbed to his injuries from a
gunshot wound to the torso, and an autopsy determined the cause

_____

[1] 42 Pa.C.S. §§ 9541-9546.

of death was homicide. One of the other occupants in the vehicle was also shot, but survived.

McCollum and Wells, occupants of the fired upon vehicle, identified Appellant as the shooter. Similarly, Salidene Robinson and Khayree Harrison, who were also at the scene of the shooting, identified Appellant as the perpetrator. Robinson made his identification from a surveillance camera video that depicted the shooting events, while Harrison made a positive photo array identification. Harrison also identified the weapon used by Appellant as one which Appellant always carried, disclosed that Appellant bragged about his good shooting skills and that he and other eyewitnesses were admonished not to implicate Appellant in the incident.

PCRA Ct. Op. at 2 (citations and footnote omitted). Following a jury trial, Appellant was convicted of first-degree murder and sentenced to life imprisonment. *Id.* at 1. This Court affirmed, and our Supreme Court denied Appellant's petition for allowance of appeal on September 19, 2012.

On June 12, 2013, Appellant, acting *pro se*, filed an identical first PCRA petition at all three docket numbers.[2] The *pro se* petition alleged that trial counsel was ineffective by failing to interview and present the testimony of Christian Robbins, an eyewitness who would have testified that Appellant was not the shooter. PCRA Pet., 6/12/13, at 8. The PCRA court appointed counsel, who filed a counseled amended petition on October 16, 2014, again at all three docket numbers, that reiterated Appellant's *pro se* petition.

_____

[2] The Commonwealth filed charges against Appellant at three separate docket numbers, one for each victim in the vehicle.

Following numerous continuances, PCRA counsel filed a supplement to the counseled PCRA petition, stating in relevant part as follows:

2. It was alleged by [Appellant] that [Christian Robbins] would have indicated that [Appellant] was not the shooter.

3. [Appellant] provided [PCRA] counsel with an address where the alleged eyewitness could be found.

4. [PCRA counsel] had his investigator attempt to contact the alleged eyewitness. The investigator located the alleged eyewitness and was informed by him that he would not talk to the investigator. His attorney would have to be contacted.

5. [PCRA counsel] eventually spoke with the allege[d] eyewitnesses' attorney (Mary Maran, Esquire) and was informed that whatever information her client might have it would not be helpful to [Appellant]. In fact, it would only be harmful to [Appellant's] interests.

Suppl. to Am. PCRA Pet., 1/18/18.

On August 1, 2018, the PCRA court issued a Pa.R.Crim.P. 907 notice listing all three docket numbers. The Rule 907 notice was filed at all three docket numbers. On August 29, 2018, the PCRA court formally dismissed Appellant's PCRA petition in an order docketed at each docket number:

You are hereby advised that on August 29, 2018, the court entered an order dismissing your PCRA petition. You are hereby notified that pursuant to Pennsylvania Rule of Appellate Procedure 903(a), you have thirty (30) days from the date of the order to file **a** notice of appeal to the Superior Court of Pennsylvania. **The** notice must be in writing and must be filed at the following address . . . .

Order, 8/29/18 (emphasis added and some formatting altered).

On September 14, 2018, the dockets and certified record for each case reflects the filing of Appellant's *pro se* notice of appeal. Each *pro se* notice of

- 3 -

appeal lists all three docket numbers.[3]  On September 27, 2018, Appellant's

counsel filed a notice of appeal.  Again, each counseled notice of appeal lists

all three docket numbers and appears to be identical to each other.

Appellant's counsel timely filed a court-ordered Pa.R.A.P. 1925(b) statement.

On April 22, 2019, this Court issued a rule to show cause why the appeal

should not be quashed pursuant to *Commonwealth v. Walker*, 185 A.3d

969 (Pa. 2018).  On May 6, 2019, Appellant's counsel filed a response stating

in relevant part:

> [I]t appears that three separate notices of appeal, one for each of
> the [three docket numbers], should have been filed even though
> all three [docket numbers] arise out of the same incident.  Had
> this been done, it the[n] would have been appropriate to
> consolidate same.  Although I am constrained to agree with the
> ruling in *Walker*[,] it seems to me that *Walker* would mandate a
> quashing of the instant appeal.

Resp. to Rule to Show Cause, 5/6/19, at 1; *see also Commonwealth v.*

*Creese*, 216 A.3d 1142, 1144 (Pa. Super. 2019) (holding, "*Walker* as

instructing that we may not accept a notice of appeal listing multiple docket

numbers, even if those notices are included in the records of each case.

Instead, a notice of appeal may contain only one docket number." (footnote

omitted)).[4]

---

[3] The three notices of appeal appears identical, including Appellant's
handwritten signature.

[4] As noted above, the dockets and certified records for each of the three docket
numbers reflects the filing of a notice of appeal, albeit a notice of appeal that
appears to be duplicative of each other.

Initially, we address whether we must quash the appeal under *Creese* and *Walker*, which this Court summarized in *Commonwealth v. Stansbury*, ___ A.3d ___, 2019 WL 4197218, *2 (Pa. Super. filed Sept. 5, 2019), as follows:

> In [*Walker*], the High Court held that an appeal must be quashed if an appellant fails to file separate notices of appeal at each docket number implicated by an order resolving issues that involve more than one trial court docket will result in quashal of the appeal, as is the procedure indicated in the Note to Pa.R.A.P. 341. The *Walker* Court acknowledged that its decision "was contrary to decades of case law from this Court and the intermediate appellate courts[.]" Hence, the Court held that its ruling applied only prospectively, and directed that the Rules be amended to comport with the *Walker* decision.

*Stansbury*, ___ A.3d at ___, 2019 WL 4197218, at *2 (citation omitted).

In *Stansbury*, the PCRA court "entered a single order, at both criminal case docket numbers under one caption, dismissing [the defendant's] PCRA petition and granting counsel's request to withdraw." *Id.* at *1. In pertinent part, the order advised the defendant "that he has thirty days from this day, to file **a** written **notice** of appeal to the Superior Court. Said **notice** of appeal must be filed with the Clerk of Courts of Philadelphia County-Criminal Division . . . ." *Id.* (emphasis in original and citation omitted).

The *Stansbury* Court refused to quash the appeal based on *Walker*, reasoning as follows:

> it has long been the law of this Commonwealth that the failure to file a timely appeal as a result of a breakdown in the court system is an exception to that general rule.

> We have many times declined to quash an appeal when the defect resulted from an appellant's acting in accordance with misinformation relayed to him by the trial court.
>
> In the case *sub judice*, the PCRA court advised [the defendant] that he could appeal the dismissal of his PCRA petition by filing within thirty days a notice of appeal from its order. The court, still referring to its order that disposed of a PCRA petition pending at two separate docket numbers, again utilized the singular in advising [the defendant] where to file "Said notice of appeal[.]" Hence, while **Walker** required that [the defendant] file separate notices of appeal at each docket number, the PCRA court informed [the defendant] that he could pursue appellate review by filing a single notice of appeal.

*Id.* at \*2-\*3 (citations omitted).

Here, similar to **Stansbury**, the PCRA court notified Appellant that he had the right to appeal the court's order denying PCRA relief. **See** Order, 8/29/18. The PCRA court's order did not advise Appellant that he must file separate notices of appeal pursuant to **Walker**, and that each notice of appeal must bear only one docket number.[5] **See Creese**, 216 A.3d at 1144. Under the circumstances, we conclude that the PCRA court's failure to advise Appellant properly of his appellate rights constitutes "a breakdown in court operations such that we may overlook" any **Creese** defect.[6] **See Stansbury**, 2019 WL 4197218 at \*3.

---

[5] We acknowledge that **Creese** was issued after the PCRA court's order.

[6] As we noted above, Appellant's counsel believed that only one notice of appeal had been filed. Resp. to Rule to Show Cause, 5/6/19, at 1. The docket and record for each of the three docket numbers at issue reflects a timestamped notice of appeal, however. It is unclear to this Court if

- 6 -

Appellant's counsel raises one issue: "Did the PCRA court err in denying [Appellant's] PCRA petition without a hearing, even though [Appellant] pled, and could have proven, cause for relief due to ineffective assistance of trial counsel?"  Appellant's Brief at 3.  Appellant's counsel initially acknowledges that the witness, Mr. Robbins, did not wish to speak with counsel's investigator and that the witness's counsel had no helpful information.[7]  *Id.* at 7. Appellant's counsel nonetheless contends the PCRA court failed to hold a hearing to determine if Appellant's trial counsel attempted to interview Mr. Robbins.  *Id.* at 7-8.

The standard of review for an order resolving a PCRA petition is well-settled:

> This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Grayson*, 212 A.3d 1047, 1051 (Pa. Super. 2019) (citation omitted).

> To prevail on a claim alleging counsel's ineffectiveness under the PCRA, the petitioner must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's

---

Appellant's counsel misremembered or if the PCRA court photocopied counsel's notice of appeal.

[7] In fact, Appellant's counsel's supplement to the PCRA petition stated that the witness's information would be harmful to Appellant.  *See* Supplement to Am. PCRA Pet., 1/18/18.

interest; and (3) that he was prejudiced by counsel's ineffectiveness, *i.e.* there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different.

*Id.* at 1054 (citation omitted and some formatting altered). After review of the parties' briefs, the record, and the PCRA court's opinion, we affirm on the basis of the PCRA court's opinion. *See* PCRA Ct. Op. at 3-4; *Grayson*, 212 A.3d at 1051, 1504. We agree with the PCRA court's reasoning that Appellant failed to plead and prove that Mr. Robbins had exculpatory testimony, particularly given the overwhelming evidence, which included testimony from the victims and eyewitnesses, as well as video surveillance, identifying Appellant as the culprit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/23/20