J-S75039-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JAMES W. CRISE :
:
Appellant : No. 1232 WDA 2019

Appeal from the PCRA Order Entered July 19, 2019
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0001899-2008

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JAMES W. CRISE :
:
Appellant : No. 1233 WDA 2019

Appeal from the PCRA Order Entered July 19, 2019
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0004502-2008

BEFORE: STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: FILED MARCH 18, 2020

James W. Crise (Crise) appeals pro se from the order of the Court of

Common Pleas of Westmoreland County (PCRA court) denying as untimely his

fifth petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42

Pa.C.S. §§ 9541-9546. We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Crise was charged in two separate criminal informations with various sexual offenses involving two female minors. In August 2009, he proceeded to separate jury trials and was convicted of several offenses in both cases. On December 22, 2009, he was sentenced to serve an aggregate 20 to 55 years' imprisonment. On February 15, 2011, this Court affirmed his judgment of sentence. Commonwealth v. Crise, 24 A.3d 455 (Pa. Super. 2011) (unpublished memorandum). Crise then filed a petition for allowance of appeal that our Supreme Court denied on July 19, 2011. Commonwealth v. Crise, 24 A.3d 863 (Pa. 2011) (per curiam). Because he did not seek review in the United States Supreme Court, Crise's judgment of sentence became final on October 17, 2011. In the following years, Crise went on to file numerous PCRA petitions, none of which resulted in relief.[1]

Crise filed the petition that is the subject of this appeal on March 6, 2019, listing both docket numbers in the caption. Relevant to our disposition, he contended that his petition was not untimely because of the "governmental interference" exception, 42 Pa.C.S. § 9545(b)(1)(ii), alleging that the

---

[1] In each instance, this Court affirmed the denial of relief in each appeal. Commonwealth v. Crise, 96 A.3d 1098 (Pa. Super. 2014) (unpublished memorandum) (first petition); Commonwealth v. Crise, 335 WDA 2015 (Pa. Super. 2015) (unpublished memorandum) (second petition); Commonwealth v. Crise, 1183 WDA 2016, 1204 WDA 2016 (Pa. Super. 2017) (unpublished memorandum) (third petition); Commonwealth v. Crise, 53 WDA 2018 (Pa. Super. 2018) (unpublished memorandum) (fourth petition).

Commonwealth suborned perjury from Richard Henry Powell III (Powell), who testified at one of the trials that Crise admitted to him while in jail that he had a sexual relationship with the 15-year-old victim. According to Crise, Powell testified in exchange for the Commonwealth dropping charges against him and then lied at trial when asked whether he was testifying as part of a deal with the Commonwealth. Crise also argued that the "newly discovered fact" exception applied under 42 Pa.C.S. § 9545(b)(1)(ii). Crise alleged that he could not have learned of the deal at any point before through due diligence, but did not provide specifics or documentation about what charges were dropped against Powell or when he learned about it.

The PCRA court found that neither of the exceptions applied and issued its notice of intent to dismiss without hearing under Pa.R.Crim.P. 907 on June 10, 2019. The PCRA court observed that Crise, who represented himself at trial, did not cross-examine Powell about any potential plea bargains with the Commonwealth. However, even if the Commonwealth failed to disclose such an agreement, the PCRA court stated that Powell's testimony at the one trial was only one part of the overwhelming evidence to convict Crise, which included the testimony of the victim. Additionally, the PCRA court further observed that Crise provided no details about when he learned about Powell's alleged deal.

In his response, Crise now clarified that he learned of Powell's deal through a former co-defendant of Powell's in December 2018. The PCRA court

was unpersuaded and entered an opinion and order dismissing the petition on July 17, 2019. Replying to Crise's claim about how he learned of the alleged deal, the PCRA court noted that he provided neither documentary nor testamentary evidence in support of his claim. Crise then timely filed notices of appeal in both cases which this Court later consolidated.[2]

Before addressing Crise's issues, we first must consider whether the PCRA court correctly determined that his petition was untimely.[3] The

_____

[2] Crise filed separate notices of appeal in each case but listed both cases in the captions. This Court has held that a notice of appeal should contain only one docket number in the captain and quashed appeals in which the appellant filed separate notice of appeals but listed all of the docket numbers in the caption of each notice. Commonwealth v. Creese, 216 A.3d 1142 (Pa. Super. filed August 14, 2019).

We, nonetheless, decline to quash these appeals. In Commonwealth v. Stansbury, 219 A.3d 157 (Pa. Super. filed September 5, 2019), this Court held that quashal of a defective timely notice of appeal is not necessary when there has been "a breakdown in the operations of the court." Id. at 160 (refusing to quash appeal where appellant filed one notice of appeal for multiple cases but was informed by PCRA court that he could pursue appellate review by filing a single notice of appeal).

Here, in its July 17, 2019 opinion and order dismissing the petition, the PCRA court listed both docket numbers in its caption. Crise did the same thing as the PCRA court by filing two separate notices of appeal but listing both cases in the caption. Under these circumstances, we decline to quash the appeal.

[3] "This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." Commonwealth v. Grayson, 212 A.3d 1047, 1051 (Pa. Super. 2019) (citation omitted).

timeliness of a PCRA petition is jurisdictional.  See Commonwealth v. Hernandez, 79 A.3d 649, 651 (Pa. Super. 2013).  Generally, a petition for PCRA relief, including a second or subsequent petition, must be filed within one year of the date the judgment is final.  See 42 Pa.C.S. § 9545(b)(3); see also Commonwealth v. Alcor, 703 A.2d 1054, 1056 (Pa. Super. 1997). There are, however, exceptions to the time requirement; those exceptions are set forth at 42 Pa.C.S. §§ 9545(b)(1)(i),(ii), and (iii), and include interference by government officials in the presentation of the claim, after-discovered facts or evidence, and an after-recognized constitutional right.  See Commonwealth v. Gamboa-Taylor, 753 A.2d 780, 783 (2000).  Where the petition alleges and the petitioner proves that an exception to the time for filing the petition is met, the petition will be considered timely.  A PCRA petition invoking one of these exceptions must "be filed within one year of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2).[4]

_____

[4] Under the former version of Section 9545(b)(2), a PCRA petition invoking one of the exceptions under 42 Pa.C.S. §§ 9545(b)(1)(i)-(iii) needed to be filed within 60 days of when the claim could have been presented.  However, as of December 24, 2018, Section 9545(b)(2) states that any PCRA petition invoking a time-bar exception must be filed within one year of the date the claim first could have been presented.  See Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018].  The amendment applies to claims arising on or after December 24, 2017.  Accordingly, because his petition was filed on March 6, 2019, the current version of Section 9545(b)(2) applies.

Here, Crise's judgment of sentence became final in 2011 making this petition—his fifth seeking PCRA relief—patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies.

First, we find that the "governmental interference" exception does not apply. Under that exception to the PCRA's one-year jurisdictional time-bar, a petitioner must plead and prove that government officials interfered with his ability to present a timely PCRA claim. Crise argued in his petition that the exception applied because the Commonwealth suborned perjury, but now asserts that the governmental interference was the denial of his request for an evidentiary hearing. However, neither theory has anything to do with his ability to timely raise a PCRA claim. As a result, to the extent he attempted to do so, Crise does not prove the applicability of the "governmental interference" exception under 42 Pa.C.S. § 9545(b)(1)(i).

Next, Crise again appears to be arguing that the "newly discovered fact" exception under 42 Pa.C.S. § 9545(b)(1)(ii) applies to his petition, asserting that he learned of a "deal" between the Commonwealth and Powell in 2018. This Court has explained:

> The newly-discovered fact exception has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

Commonwealth v. Brown, 141 A.3d 491, 500 (Pa. Super. 2016) (citation omitted).

As noted above, Crise asserted in his response to the Rule 907 notice that Powell had a "deal" with the Commonwealth and that he learned of this through a "former co-defendant of Powell's" in December 2018. This is the extent of Crise's allegation: he does not provide the name of this co-defendant; what exactly this co-defendant told him; or how this person came to know about this alleged "deal" that was made at the August 2009 trial. Because his petition was filed after the one-year deadline, Crise had the burden to plead and prove the applicability of the exception, and the PCRA court did not err in holding that Crise failed to satisfy that burden by failing to sufficiently aver sufficient facts in support of his claim. Accordingly, we agree that the "newly discovered fact" exception was not applicable.[5]

Order affirmed.

Judge Stabile joins the memorandum.

Judge Kunselman notes dissent.

_____

[5] Crise also alleges in his brief that the Commonwealth never provided Powell's criminal history. However, because this claim was not raised in his petition, it cannot be considered for the first time on appeal, and Crise does not explain under what PCRA timeliness exception would even apply to this claim.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>3/18/2020</u>