J-S43042-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SCOTT BISHOP | : | |
| | : | |
| Appellant | : | No. 2450 EDA 2021 |

Appeal from the PCRA Order Entered October 29, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003894-2015

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                                    **FILED APRIL 20, 2023**

Scott Bishop appeals from the order denying his timely first petition for relief pursuant to the Post Conviction Relief Act (PCRA).[1]  Appellant claims that both trial counsel and direct appeal counsel were ineffective and argues that the PCRA court erred in denying Appellant's petition without a hearing.  After review, we reverse the PCRA court's order and remand for further proceedings.

The PCRA court set forth the following factual and procedural history:

On March 28, 2015, Parole Agent Brandon Smith made an unannounced visit to Appellant at his apartment, where he had just moved the prior month.  After chatting briefly, Smith informed Appellant that he was due for a drug screening test pursuant to his parole agreement; Appellant complied.  A urine test was then administered, which came back positive for methamphetamines. Because this was a violation of the terms of Appellant's parole, the Agent handcuffed Appellant and placed him into custody while he

---

[1] 42 Pa.C.S. §§ 9541-9546.

phoned his supervisor for approval to conduct a search of Appellant's property for contraband in light of the positive drug test.

Once he had obtained approval to search the apartment, Agent Smith asked Appellant whether he had anything in the home that Smith should know about, to which Appellant replied that he had a gun. When prompted, Appellant then told the Agent that the gun was in the hallway closet. In the closet, Smith detected the smell of marijuana and observed a black trash bag, inside of which he found a revolver, some spent shell casings, two electronic scales, packaging materials and marijuana. In addition to the marijuana in the closet, parole agents at the scene then recovered marijuana from Appellant's bedroom.

Agent Smith called for support from Parole Agent Eric Brown. Agent Brown arrived and secured the residence. Once inside, he observed keys on a dresser in Appellant's bedroom. Brown asked Appellant where his car was, and Appellant responded that it was "on the corner." The vehicle was located; it was registered to Appellant. While searching Appellant's vehicle, Agent Brown recovered bullets in the center console that matched the guns and bullets which Agent Smith had recovered from Appellant's closet.

Appellant was charged with prohibited possession of a firearm in violation of the Uniform Firearms Act, 18 Pa.C.S. § 6105; possession of marijuana, [35 P.S.] § 780-113(a)(32). On November 19 and November 25, 2015, Appellant appeared before the Honorable Daniel J. Anders to litigate his motion to suppress statements and physical evidence. Judge Anders granted suppression of Appellant's statement to Parole Agent Brandon Smith as to the location of the revolver but denied the suppression of Appellant's statement as to the location of his car and denied suppression of all physical evidence recovered from both the apartment and the car.

On January 28, 2016, Appellant appeared before [the trial court] for a waiver trial and was found guilty on all counts. On April 15, 2016, [the trial court] sentenced Appellant to three to eight years of incarceration, followed by one year of probation. Appellant timely appealed to the Superior Court, which affirmed Appellant's judgment of sentence in an unpublished [memorandum] on June 18, 2018. *Commonwealth v. Bishop*, 1193 EDA 2016, 2018 WL 3015333 (Pa. Super. filed 2018) (unpublished mem.). The

- 2 -

Pennsylvania Supreme Court granted Appellant's petition for allowance of appeal to address the scope of protection against self-incrimination offered by the Pennsylvania Constitution relative to that of the United States Constitution. *Commonwealth v. Bishop*, 196 A.3d 129 (Pa. 2018) (*per curiam*). In September of 2019, the Supreme Court affirmed the Superior Court's order in a 6-1 decision, declining to directly address the question after determining that it had not been properly preserved in the courts below. *Commonwealth v. Bishop*, 217 A.3d 833 (Pa. 2019).

Appellant timely filed a *pro se* PCRA petition on June 6, 2020. Thereafter, the PCRA [c]ourt appointed counsel, who filed an amended petition on January 22, 2021. After receiving briefs from the Commonwealth and Appellant, the [PCRA court] gave notice of its intent to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907, and it dismissed the petition without a hearing on October 29, 2021.

PCRA Ct. Op., 5/26/22, at 1-3 (citations to the record omitted, formatting altered). Appellant filed a timely appeal. Both the PCRA court and Appellant complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review, which we have reordered as follows:

1. Whether the PCRA court erred by failing to grant an evidentiary hearing[?]

2. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish that trial counsel was ineffective for failing at the suppression hearing to distinguish between the protections provided by Article I, Section 8 of the Pennsylvania Constitution; failing to object to the Commonwealth's non-disclosure of *Brady*[2] material; and failing to protect [Appellant's] constitutional rights pursuant to the Confrontation Clause[?]

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

- 3 -

3. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish that appellate counsel was ineffective for failing to raise the Article I, Section 8 claim on appeal, leading to a determination that the claim was waived[?]

4. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish that Appellant's constitutional rights were violated by trial and appellate counsel's deficient performances, the Commonwealth's non-disclosure of *Brady* material, and unreasonable search and seizure[?]

Appellant's Brief at 9 (formatting altered).

In his first issue, Appellant contends that the PCRA court erred when it dismissed Appellant's PCRA petition without first holding an evidentiary hearing. Appellant claims that he "raised significant claims of trial and appellate counsels' ineffectiveness and violations of his constitutional rights[,]" and Appellant further describes those claims as "legitimate, based on fact and supported by legal precedent." Appellant's Brief at 22. As noted by the PCRA court, an evidentiary hearing in this matter would have revolved around the question of "whether deeper exploration of the field [drug] test might have led to its suppression and consequently the suppression of the statements and the contraband, which in this case would have made it virtually impossible for the Commonwealth to convict Appellant." PCRA Ct. Op. at 8.

In its Rule 1925(a) opinion, the PCRA court agrees with Appellant and concedes that it erred when it failed to hold an evidentiary hearing. Specifically, the PCRA court notes that there are genuine issues of material

fact that, should they be resolved in Appellant's favor, may entitle him to relief. *Id.* at 8. Accordingly, the PCRA court requests that its order be reversed and that this case be remanded with instructions to hold an evidentiary hearing. *Id.*

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citation omitted). "[W]e apply a *de novo* standard of review to the PCRA court's legal determinations." ***Commonwealth v. Mitchell***, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted).

As stated previously, Appellant claims that the PCRA court erred when it failed to hold an evidentiary hearing before denying his PCRA petition. The decision of whether to hold a PCRA evidentiary hearing is an exercise of discretion on the part of the PCRA court, and we review for an abuse of that discretion. ***Commonwealth v. Maddrey***, 205 A.3d 323, 327 (Pa. Super. 2019).

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

* * *

Generally, if there are factual issues to be resolved, the PCRA court should hold an evidentiary hearing.

***Commonwealth v. Grayson***, 212 A.3d 1047, 1054-55 (Pa. Super. 2019) (citations omitted and formatting altered). This Court has cautioned, however, that, "an evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim." ***Commonwealth v. Grove***, 170 A.3d 1127, 1149 (Pa. Super. 2017).

In the instant case, the determinative issue before us is whether Appellant's claim that a challenge to and information concerning the drug test administered by parole agents "might have led to its suppression and consequently the suppression of the statements and the contraband, which in this case would have made it virtually impossible for the Commonwealth to convict Appellant." PCRA Ct. Op. at 8. Indeed, Appellant argues that

> trial counsel was obligated to insist that the [parole] agent provide corroborating evidence [as to the positive urine test.] At the very least, it was incumbent upon trial counsel to inquire of the witness about the lack of documentation for a positive field test. Although the field test may not have generated a corresponding written report, the agent could have provided photographic evidence of the field test results. Counsel's omission was not reasonably designed to advance the interests of [Appellant]. The lack of documentation for the positive field test undermined the credibility of the parole agent, yet trial counsel failed to raise this vital issue during the suppression hearing.

Appellant's Brief at 15-16.

The PCRA court further noted:

- 6 -

It may be that no written documentation or photographs exist, that trying to impeach Agent Smith about it would not have changed the outcome, and that even if it would have, trial counsel had latitude to pursue a different strategy. But these are genuine issues of material fact that, if resolved in Appellant's favor, could entitle him to a new proceeding or other relief, be it because there is exculpatory evidence in the form of favorable written documentation or photographs or because trial counsel's strategy not to impeach the Agent's credibility was deficient, either of which could have led to a different outcome.

PCRA Ct. Op. at 8.

On this record, we agree with the PCRA court that Appellant's challenge rises to the level of a genuine issue of material fact, as resolution in Appellant's favor could entitle him to relief. *See Grayson*, 212 A.3d at 1054-55. Accordingly, we reverse the PCRA court's order and remand this case for the PCRA court to hold an evidentiary hearing on Appellant's PCRA petition.[3]

Order reversed. Case remanded. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 4/20/2023*

---

[3] In light of our conclusion that the PCRA court erred in denying Appellant's petition without a hearing, we do not reach the merits of Appellant's remaining issues, as they all relate to whether the results of the field drug test provided the parole agents with reasonable suspicion to conduct a warrantless search of Appellant's residence.