J-S44027-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MAURICE LEWIS | : | |
| | : | |
| Appellant | : | No. 1792 EDA 2021 |

Appeal from the PCRA Order Entered August 13, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002434-2008

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED MARCH 26, 2024**

Appellant Maurice Lewis appeals from the order denying his timely first

Post Conviction Relief Act (PCRA) petition.[1]  On appeal, Appellant claims that

both trial counsel and prior PCRA counsel were ineffective.   After careful

review, we vacate the PCRA court's order and remand for further proceedings.

The PCRA court set forth the following factual history:

On December 6, 2005, Sabrina Clyburn overheard Kenny Shields,
[Appellant], and Stephen Bennett discussing robbing Thomas
Faison (the victim).  Clyburn saw the three outside of the victim's
house wearing masks and gloves.  [Appellant] entered the house
alone; sounds of an argument and a gunshot were heard; Shields
and then Bennett ran into the house; and a second gunshot went
off.

[Appellant], who had been shot, was taken by Shields to a nearby
apartment  building  where  Shields'  cousin  lived.   Following  an

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

emergency call, [Appellant] was taken to the hospital, claiming that he had been shot getting off of a bus.

A neighbor found the victim dead in his home amidst the scene of a struggle. The Assistant Medical Examiner testified that the victim sustained one gunshot wound to the chest and one to his hand, that death was caused by the gunshot wound to the chest, and that the manner of death was homicide. Crime scene investigation uncovered a strike mark from a bullet along with seven distinct blood splatter patterns and some hair. Forensic analysis later identified Appellant as the source of the bloodstained fibers found at Mr. Faison's home. Ballistics determined that a 9mm handgun and a 45-caliber handgun were both fired in the home.

In the following days, Shields and [Appellant] relayed to various people the story of how Shields saved [Appellant's] life after [Appellant] was shot struggling with the victim. Rasheda DeShields, Shields' sister, gave a statement in which she reported that Shields made statements to her, *inter alia*, that [Appellant] shot the victim in the hand and that Shields[] took [Appellant's] weapon to hide it at [Appellant's] grandmother's home before the police arrived in response to the 911 call that led to [Appellant] being taken to the hospital. Arlo Spruell gave a statement that Shields told him that Shields and [Appellant] went to the victim's house to rob the victim because the victim was selling cocaine for someone named Mike, whom Shields and [Appellant] did not like, and they wanted to get Mike's money and cocaine.

PCRA Ct. Op., 1/26/23, at 1-2 (citing **Commonwealth v. Lewis**, 1588 EDA 2010, at 3-4 (Pa. Super. filed Dec. 6, 2011) (unpublished mem.)). On January 12, 2010, Appellant was convicted of second-degree murder following a jury trial. The trial court imposed a mandatory sentence of life imprisonment without the possibility of parole. On appeal, this Court affirmed Appellant's judgment of sentence and our Supreme Court denied Appellant's petition for allowance of appeal. **See Lewis**, 1588 EDA 2010, *appeal denied*, 55 A.3d 523

(Pa. 2012). Appellant did not file a petition for writ of *certiorari* with the Supreme Court of the United States.

On December 4, 2012, Appellant filed a timely *pro se* PCRA petition. PCRA counsel subsequently filed amended petitions on Appellant's behalf. On June 21, 2021, the PCRA court entered a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's PCRA petition without a hearing. Appellant did not file a response. On August 13, 2021, the PCRA court issued an order dismissing Appellant's PCRA petition.

Appellant filed a timely notice of appeal. Although the PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement, the PCRA court filed a Rule 1925(a) opinion explaining the reasons for dismissing Appellant's petition.

On appeal, James R. Lloyd, III, Esq., entered his appearance on Appellant's behalf. Attorney Lloyd filed an application for relief in this Court requesting remand to permit Appellant to raise claims of prior PCRA counsel's ineffectiveness in a Rule 1925(b) statement. **See** Appl. for Relief, 11/17/22. On December 28, 2022, this Court remanded the matter for the PCRA court to allow Appellant to file a Rule 1925(b) statement and for the PCRA court to issue a supplemental opinion. Appellant subsequently filed a Rule 1925(b) statement in which he alleged, for the first time, ineffective assistance of prior PCRA counsel for failing to raise trial counsel's failure to utilize medical records that would have undermined and contradicted the prosecution, and Appellant claims that a new trial is warranted. **See** Appellant's Rule 1925(b) Statement,

- 3 -

1/17/23, at 3-4.[2]  The PCRA court issued a supplemental Rule 1925(a) opinion addressing Appellant's claims and requested a remand to hold an evidentiary hearing after reviewing Appellant's counseled Rule 1925(b) statement.  **See** PCRA Ct. Op., 1/26/23, at 5.

On appeal, Appellant raises the following issues for our review:

1. Did the PCRA court err and/or abuse its discretion when it denied Appellant's PCRA petition seeking a new trial, without conducting an evidentiary hearing, based upon a claim that counsel was ineffective for failing to utilize [Appellant's] medical records to undermine key elements of the Commonwealth's case?

2. Did the PCRA court err and/or abuse its discretion when it denied Appellant's PCRA petition seeking a new trial, without conducting an evidentiary hearing, where PCRA counsel were ineffective for failing to raise a claim that a new trial is warranted because the Commonwealth violated [Appellant's] constitutional rights as set forth in **Napue v. Illinois**, 360 U.S. 264 (1959), and its progeny, where the Commonwealth was in possession of [Appellant's] medical records prior to trial and still advanced the theories in support of [Appellant's] guilt to the jury knowing the information to be false and misleading?

Appellant's Brief at 5-6 (some formatting altered).

In his first issue, Appellant argues that trial counsel was ineffective for failing "to use Appellant's medical records to challenge key points of inculpatory evidence introduced by the Commonwealth at trial."  **Id.** at 37.

---

[2] We note that PCRA petitioners may "raise claims of ineffective PCRA counsel at the first opportunity, even if on appeal." **Commonwealth v. Bradley**, 261 A.3d 381, 405 (Pa. 2021); **see also Commonwealth v. Parrish**, 273 A.3d 989, 1002 (Pa. 2022) (holding that a PCRA petitioner "adequately raised and preserved his layered claim of the ineffective assistance of trial and initial PCRA counsel by raising it at the first opportunity to do so, specifically in his [Rule] 1925(b) Statement and in his [appellate] brief").

Specifically, Appellant asserts that trial counsel should have used the medical records "in an effort to undermine the evidence of the in-hospital confessions or DNA on the bullet fragment." *Id.* at 41. Additionally, Appellant contends that the trial court erred in failing to conduct an evidentiary hearing because "genuine issues of material fact exist with respect to the claims of trial counsel's ineffectiveness and, thus, a remand is appropriate to resolve these claims on the merits." *Id.* at 37. Appellant further alleges that PCRA counsel was ineffective for failing to argue that Appellant's conviction was the result of arguments advanced by the Commonwealth "that are not supported[] or factually accurate[.]" *Id.* at 46.

Our review of the denial of PCRA relief is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." *Commonwealth v. Mitchell*, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted); *see also Commonwealth v. Davis*, 262 A.3d 589, 595 (Pa. Super. 2021) (stating that "[t]his Court grants great deference to the findings of the PCRA court if the record contains any support for those findings" (citation omitted)).

We must first determine whether this case should be remanded for an evidentiary hearing. The decision of whether to hold a PCRA evidentiary

hearing is an exercise of discretion on the part of the PCRA court, and we review for an abuse of that discretion. ***Commonwealth v. Maddrey***, 205 A.3d 323, 327 (Pa. Super. 2019).

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.
>
> \*   \*   \*
>
> Generally, if there are factual issues to be resolved, the PCRA court should hold an evidentiary hearing.

***Commonwealth v. Grayson***, 212 A.3d 1047, 1054-55 (Pa. Super. 2019) (citations omitted and formatting altered).

In **Bradley**, our Supreme Court reaffirmed the Court's preference for evidentiary hearings and explained:

> In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, to advance a request for remand, a petition would be required to provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness; however, where there are material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law, the remand should be afforded.

**Bradley**, 261 A.3d at 402 (citations and footnote omitted and formatting altered).

In his Rule 1925(b) statement, Appellant contends that his trial counsel was ineffective by failing "to object[,] to obtain[,] and utilize [Appellant's] medical records because those medical records were readily available and would have directly contradicted important—if not essential—allegations proffered by the Commonwealth at trial." Appellant's Rule 1925(b) Statement, 1/17/23, at 1-2. Additionally, Appellant alleges that all prior PCRA counsel were ineffective for failing to raise a claim that the Commonwealth advanced several false or misleading theories to the jury. **Id.** at 3-4. In its supplemental Rule 1925(a) opinion, the PCRA court agreed with Appellant, stating that following its review of Appellant's Rule 1925(b) statement, that remand is appropriate and "respectfully request[ed] this case be remanded so that an evidentiary hearing may be held." PCRA Ct. Op., 1/26/23, at 5.

Following our review of the record, we agree with the PCRA court that Appellant's challenge rises to the level of a genuine issue of material fact, as resolution in Appellant's favor could entitle him to relief. **See Grayson**, 212 A.3d at 1054-55. Accordingly, we reverse the PCRA court's order and remand this case for the PCRA court to hold an evidentiary hearing on Appellant's PCRA petition.[3]

---

[3] In light of our disposition remanding the instant case to the PCRA court for an evidentiary hearing, we do not reach the merits of Appellant's remaining issue.

Order reversed.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/26/2024