J-S44042-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MAURQUIS JAVON THOMPSON | : | |
| | : | |
| Appellant | : | No. 1781 EDA 2022 |

Appeal from the PCRA Order Entered June 20, 2022
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0002230-2012

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                          **FILED JUNE 26, 2024**

Appellant, Maurquis Javon Thompson, appeals from the order of the Court of Common Pleas of Delaware County that denied his timely first petition filed under the Post Conviction Relief Act (PCRA).[1]  For the reasons set forth below, we affirm.

On April 12, 2013, Appellant was convicted by a jury of two counts each of third-degree murder, homicide by vehicle while driving under the influence (DUI), homicide by vehicle, leaving the scene of an accident involving death, and causing an accident involving death while not properly licensed, and one count each of fleeing or attempting to elude a police officer, DUI (marijuana),

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1]  42 Pa.C.S. §§ 9541–9546.

DUI (metabolite of marijuana), and possession of marijuana. These convictions arose out of events that occurred on December 9, 2011, when Appellant drove his car through a red light at a high rate of speed while under the influence of marijuana, struck and killed two young boys who were crossing the street, and fled the scene. *Commonwealth v. Thompson*, 106 A.3d 742, 748, 757 (Pa. Super. 2014).

On July 21, 2013, the trial court sentenced Appellant to concurrent terms of 20 to 40 years' imprisonment for one of the third-degree murder convictions and life imprisonment without parole for the other third-degree murder conviction pursuant to 42 Pa.C.S. § 9715(a) (providing mandatory life sentence for the third-degree murder where defendant has a previous conviction for murder or voluntary manslaughter), and to various terms of imprisonment for the other convictions to run concurrent with the life sentence. *Thompson*, 106 A.3d at 749, 765-66.

Appellant filed a timely direct appeal challenging, *inter alia*, the sufficiency of the evidence to support his third-degree murder convictions and the legality of the life imprisonment sentence. *Thompson*, 106 A.3d at 749-50. On December 10, 2014, this Court rejected those challenges and affirmed Appellant's convictions and life sentence. *Id.* at 755-66.[2] Appellant filed a

_____

[2] The Court vacated Appellant's judgment of sentence, but only to permit the trial court to correct clerical errors with respect to some of the sentences for offenses other than third-degree murder to make clear that the sentences

*(Footnote Continued Next Page)*

- 2 -

petition for allowance of appeal, which the Pennsylvania Supreme Court denied on March 8, 2016. ***Commonwealth v. Thompson***, 134 A.3d 56 (Pa. 2016). Appellant then filed a petition for *certiorari*, which the United States Supreme Court denied on October 3, 2016. ***Thompson v. Pennsylvania***, 580 U.S. 848 (2016).

Following the denial of his petition for *certiorari*, Appellant filed the instant first PCRA petition in which he asserted claims of ineffectiveness of counsel. *Pro Se* PCRA Petition at 4-8.[3] Appellant had been represented by three different lawyers in this case. Through his preliminary hearing, Appellant was represented by Michael Malloy, Esquire. PCRA Court Opinion at 3; N.T. PCRA, 11/18/21, at 3-5. Following the preliminary hearing, Appellant was represented first by an attorney from the public defender's office, and

_____

were concurrent and not consecutive, and the Court affirmed the judgment of sentence in all other respects. ***Thompson***, 106 A.3d at 766.

[3] Appellant filed his PCRA petition on April 18, 2018, more than one year after his judgment of sentence became final. The PCRA court, however, found after a hearing on the timeliness issue that the PCRA petition was timely because the PCRA counsel that had been hired to represent Appellant had advised Appellant on May 19, 2017, less than one year after Appellant's judgment of sentence became final, that he had filed a PCRA petition for Appellant, that this PCRA counsel had failed to file the PCRA petition, and that Appellant did not learn until he received the docket in his case, after March 26, 2018, that the PCRA counsel had failed to file the PCRA petition. PCRA Court Order, 8/6/21; PCRA Court Opinion at 11. The Commonwealth does not challenge the PCRA court's ruling that Appellant's PCRA petition was timely filed, and the PCRA court's findings satisfy an exception to the PCRA's time bar. ***See Commonwealth v. Peterson***, 192 A.3d 1123, 1129-32 (Pa. 2018); ***Commonwealth v. Bennett***, 930 A.2d 1264, 1272-75 (Pa. 2007).

then, from September 21, 2012 on, by Earl Raynor, Esquire, who represented Appellant on pre-trial motions, at trial, and on direct appeal. N.T. PCRA, 11/18/21, at 8, 17-19, 34, 36, 45-47. In July 2019, Attorney Malloy entered his appearance as PCRA counsel for Appellant and thereafter filed amended PCRA petitions alleging that Attorney Raynor was ineffective in advising Appellant that he could not be convicted of third-degree murder and in failing to advise Appellant that he could be sentenced to life imprisonment and alleging that Appellant proceeded to trial, rather than pleading guilty, as a result of that advice. Amended PCRA Petition ¶¶10-16; Second Amended PCRA Petition ¶¶30-33.

On November 18, 2021, the PCRA court held a hearing on this claim for PCRA relief. Five witnesses testified at this hearing, Appellant, Attorney Raynor, and three attorneys who had worked on the case in the Delaware County District Attorney's office, Daniel J. McDevitt, Elise Bradley, and Geoffrey Payne.

Appellant and Attorney Raynor both testified that Attorney Raynor sent Appellant a letter on January 14, 2013, slightly less than three months before Appellant's trial, stating the following:

> I would like to update you on where we are with your case. I have reveiwed [*sic*] all of the evidence in your ease including the Medical Examiner's reports, statement from Officer Michael Fiocca, eyewitness statements, and the transcripts from the preliminary hearing. After reviewing the evidence, I believe the trial will turn out in your favor.

> The evidence in your case does not sustain the charge of Third Degree Murder. After we present our case, the jury will see that the charge is bogus and meritless. If for any reason the jury decides to return a verdict of guilty on the murder charge, I will make an oral motion to the Judge at the sentencing hearing. The Judge will then be compelled to uphold the Constitution and dismiss the murder charge due to lack of evidence.
>
> I assure you that you will not have any penalty imposed upon you for the charge of Third Degree Murder. There is no legal basis for this charge in your case. This is a case of Homicide by Vehicle, at the most.

Appellant's PCRA Ex. 1; N.T. PCRA, 11/18/21, at 9-12, 28-31. Appellant and Attorney Raynor both testified that this was the advice that Attorney Raynor gave him concerning what could happen at trial, although Attorney Raynor testified that he advised Appellant that he could be convicted of homicide by vehicle while DUI, not merely homicide by vehicle. N.T. PCRA, 11/18/21, at 10-12, 29-31.

Appellant testified that he believed based on Attorney Raynor's advice that he was not at risk of being convicted of and sentenced for third-degree murder and proceeded to trial based on that belief. N.T. PCRA, 11/18/21, at 13-14. Appellant also testified that Attorney Raynor never advised him that he could be sentenced to life in prison if he was convicted of the third-degree murder charges, and Attorney Raynor testified that he did not believe that life imprisonment was a possible penalty if Appellant was convicted of third-degree murder and never advised Appellant of the possibility of a life sentence. *Id.* at 13, 31-34, 44-45. Appellant, however, admitted that before trial, he

knew from another source that he was subject to a life sentence if he was convicted of the third-degree murder charges. *Id.* at 23-25.

Appellant admitted that the Commonwealth had offered him a plea deal of 15 to 30 years' imprisonment prior to the preliminary hearing, before he was represented by Attorney Raynor, and that he rejected that plea offer. N.T. PCRA, 11/18/21, at 15-16. Attorney Raynor testified that during trial, he discussed with the prosecutor, assistant district attorney (ADA) Payne, whether a 20-to 40-year plea offer was possible and that ADA Payne told him that it was too late and that ADA Payne and ADA Bradley both told him that there would be no plea deal because Appellant had rejected the plea offer before the preliminary hearing. *Id.* at 40-42.

McDevitt, Delaware County's deputy district attorney for the trial division at the time of Appellant's prosecution, testified that he assigned ADA Bradley to Appellant's case and directed her to make a plea offer of 15 to 30 years if Appellant waived the preliminary hearing and to advise Appellant's counsel that if this was not accepted, the Commonwealth would add third degree murder and other charges. N.T. PCRA, 11/18/21, at 51, 55-58. McDevitt testified that Appellant rejected this plea offer. *Id.* at 59. McDevitt testified that no further plea offers were made by the Commonwealth after that offer was rejected, that any plea offer from Appellant would have to be approved by him and the district attorney, that no plea offers from counsel for Appellant ever came to him, and that he would not have accepted a plea offer

for less than a life sentence after the preliminary hearing. *Id.* at 59-62. McDevitt testified that ADA Bradley left the district attorney's office before Appellant's trial and that he assigned ADA Payne to the case and told ADA Payne that no plea offers were to be made or accepted. *Id.* at 62-63. McDevitt admitted, however, that a plea offer of 20 to 40 years before Appellant's trial would have been considered and discussed with the district attorney. *Id.* at 64.

Bradley testified that she was the prosecutor assigned to Appellant's case from December 2011 until she left the district attorney's office at the end of 2012, that she conveyed the plea offer of 15 to 30 years if Appellant waived the preliminary hearing to Appellant's counsel at the time, Attorney Malloy, and that Appellant rejected this plea offer. N.T. PCRA, 11/18/21, at 67-74. Bradley testified that she told Appellant's public defender and Attorney Raynor that no further Commonwealth plea offers would be made and that neither Appellant's public defender nor Attorney Raynor contacted her to pursue any plea negotiations. *Id.* at 78-79.

Payne testified that he was assigned to Appellant's case when ADA Bradley left and was the prosecutor at Appellant's trial. N.T. PCRA, 11/18/21, at 81-82. Payne testified that he was instructed that no plea offers were to be made because of the rejection of the earlier plea offer and that he told Attorney Raynor that no plea offers or deals would be made. *Id.* at 82-83. Payne admitted, however, that at the start of trial, the trial court raised the

issue of whether a plea deal was possible and he told Attorney Raynor that although the Commonwealth would not make any plea offer, if Appellant made a plea offer with a sentence of 15 to 30 years or more, he would take it to the victims' families and the district attorney to consider. *Id.* at 86, 88-95. Payne testified that Attorney Raynor, after speaking with Appellant, made no plea offer. *Id.* at 94-95.

On June 20, 2022, the PCRA court entered an order denying Appellant's PCRA petition. The PCRA court found that Attorney Raynor advised Appellant that he could not be convicted of third-degree murder and was not at risk of receiving a life sentence, but that Appellant's claim of ineffective assistance of counsel failed because, *inter alia*, Appellant did not show that he was prejudiced by Attorney Raynor's advice. PCRA Court Opinion at 3-4, 8, 10-11. Appellant timely appealed and new counsel was appointed to represent Appellant in this appeal. Following his appointment, Appellant's PCRA appellate counsel filed a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) in which he asserted both claims that the PCRA court erred in failing to find ineffective assistance of counsel by Attorney Raynor and a claim that Attorney Malloy was ineffective in his representation of Appellant in the PCRA proceedings. Rule 1925(b) Statement.

In this appeal, Appellant argues that the PCRA court erred in rejecting his claim that Attorney Raynor was ineffective in his advice to Appellant and that Attorney Malloy was ineffective in his representation of Appellant on the

PCRA petition because he failed to assert and prove claims of ineffectiveness with respect to the plea offer that the Commonwealth made when he was Appellant's counsel. Our review of an order denying a PCRA petition is limited to determining whether the record supports the PCRA court's findings and whether its decision is free of legal error. *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015); *Commonwealth v. Steckley*, 128 A.3d 826, 831 (Pa. Super. 2015); *Commonwealth v. Allen*, 833 A.2d 800, 802 (Pa. Super. 2003).

To be entitled to relief on a claim of ineffective assistance of counsel, the defendant must prove: (1) that the underlying legal claim is of arguable merit; (2) that counsel's action or inaction had no reasonable basis; and (3) that he suffered prejudice as a result of counsel's action or inaction. *Mason*, 130 A.3d at 618; *Commonwealth v. Grayson*, 212 A.3d 1047, 1054 (Pa. Super. 2019); *Steckley*, 128 A.3d at 831. The defendant must satisfy all three prongs of this test to obtain relief under the PCRA. *Mason*, 130 A.3d at 618; *Commonwealth v. Johnson*, 179 A.3d 1153, 1158 (Pa. Super. 2018); *Steckley*, 128 A.3d at 831.

A defendant is entitled to competent advice of counsel with respect to the plea bargaining process. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012); *Grayson*, 212 A.3d at 1054. The requirements of an ineffective assistance of counsel claim in this situation are satisfied where the defendant shows both that his counsel failed to provide competent advice concerning his sentence

exposure or the crimes of which he could be convicted at trial and that there is a reasonable probability that he would been able to enter and would have entered a negotiated plea with a lesser sentence if he had been competently advised. *Lafler*, 566 U.S. at 161-70, 174 (ineffective assistance of counsel in rejection of plea offer shown where counsel erroneously advised defendant that he could not be convicted of the most serious offense with which he was charged); *Steckley*, 128 A.3d at 830, 832-36 (ineffective assistance of counsel shown where defendant who rejected plea offer was incorrectly advised concerning his sentence that he could receive if convicted).

Here, the evidence at the PCRA hearing that the PCRA court found credible shows that Appellant did not receive competent advice from Attorney Raynor concerning the offenses of which he could be convicted or the sentence that he could receive if he went to trial rather than entering a negotiated guilty plea. Attorney Raynor testified that he advised Appellant that he could not be convicted of third-degree murder because the deaths were the result of a DUI accident and Appellant was intoxicated. N.T. PCRA, 11/18/21, at 28-31. Attorney Raynor testified that he did not advise Appellant that he would be subject to a life sentence if convicted of both third-degree murder counts because he believed that the life sentence for third-degree murder applied only where the defendant had previously been convicted of third-degree murder before committing a second third-degree murder. *Id.* at 31-33, 44.

The PCRA court found Attorney Raynor's testimony credible. PCRA Court Opinion at 8.

Attorney Raynor's legal conclusions on which he based his advice and actions were contrary to established precedent. Precedential decisions of this Court pre-dating Attorney Raynor's representation of Appellant had held that a death caused by a DUI motor vehicle accident can constitute third-degree murder. *Commonwealth v. Dunphy*, 20 A.3d 1215, 1219-20 (Pa. Super. 2011); *Allen*, 833 A.2d at 801, 804. This Court had also held in a binding, precedential decision before Attorney Raynor's representation of Appellant that the mandatory life sentence for "any person convicted of murder of the third degree in this Commonwealth who has previously been convicted at any time of murder or voluntary manslaughter" under 42 Pa.C.S. § 9715(a) applied where the first third-degree murder or voluntary manslaughter conviction occurred at the same trial as the conviction for which life imprisonment was imposed. *Commonwealth v. Morris*, 958 A.2d 569, 578-82 (Pa. Super. 2008) (*en banc*).

Although there was no plea offer from the Commonwealth when Attorney Raynor erroneously advised Appellant, both the testimony at the PCRA hearing and the trial record showed that Appellant had the opportunity to seek a plea deal at the start of trial, after Attorney Raynor's advice, if Appellant was willing to agree to a sentence of at least 15 to 30 years' imprisonment. N.T. PCRA, 11/18/21, at 88-95; N.T. Trial, 4/8/13, at 6-12.

Contrary to the PCRA Court's conclusion, PCRA Court Opinion at 8-9, the fact that Appellant maintained that he was not the driver of the car until after trial had begun did not excuse counsel from providing competent advice concerning the consequences if his claim that he did not commit the crime was rejected by the jury. *Steckley*, 128 A.3d at 834 (counsel's failure to advise defendant of mandatory minimum sentence found ineffective even though defendant maintained his innocence at trial).

The PCRA court, however, did not err in finding that Appellant failed to show that he was prejudiced by Attorney Raynor's faulty advice. The PCRA court found that Appellant was not prejudiced by Attorney Raynor's failure to advise him concerning the life sentence for third-degree murder because Appellant already knew that third-degree murder convictions would result in a life sentence. PCRA Court Opinion at 10. That finding is supported by the record, as Appellant admitted at the PCRA hearing that he had been told before trial that he could spend "the rest of my life in prison" if he was convicted of third-degree murder. N.T. PCRA, 11/18/21, at 23-25.

Appellant also failed to prove that he suffered prejudice from Attorney Raynor's erroneous advice that he could not be convicted of third-degree murder. To prove prejudice from ineffective assistance of counsel in this situation, the defendant must show that but for counsel's deficient advice there is a reasonable probability that he would have succeeded in entering a negotiated plea with a lower sentence. *Lafler*, 566 U.S. at 163-64;

***Commonwealth v. Rizor***, 304 A.3d 1034, 1054-60 (Pa. 2023); ***Steckley***, 128 A.3d at 832. This requires proof not only that there was a plea with a lower sentence that the Commonwealth and the trial court would accept, but that there was a reasonable probability that the defendant would have agreed to that plea bargain. ***Lafler***, 566 U.S. at 163-64, 174; ***Rizor***, 304 A.3d at 1057-60; ***Steckley***, 128 A.3d at 832-34. The mere fact that the plea was objectively obviously beneficial to the defendant is not sufficient to prove this element of prejudice; rather, the defendant must show that there was a reasonable probability that he would actually have agreed to the plea bargain. ***Rizor***, 304 A.3d at 1057-60.

Here, there was no evidence that Appellant was willing to agree to any plea deal that the Commonwealth would accept. The record was undisputed that the Commonwealth would not agree to any plea bargain with a sentence of less than 15 to 30 years' imprisonment and that Appellant had rejected a plea deal with a 15-to-30-year sentence before he was represented by Attorney Raynor and received the deficient advice. N.T. PCRA, 11/18/21, at 15-16, 91-95; N.T. Trial, 4/8/13, at 7-8. Although he testified that he "proceeded to trial based on" Attorney Raynor's advice, N.T. PCRA, 11/18/21, at 14, Appellant did not testify that he would have agreed to a plea with a 15-to-30-year or greater non-life sentence at any time if Attorney Raynor had advised him that there was some risk that he would be convicted of third-degree murder or testify that anything had occurred prior to the start of trial

that would have made him willing to accept the plea that he had previously rejected. Indeed, neither Appellant nor Attorney Raynor testified at all concerning their discussions of whether to offer a plea deal at the start of trial after the Commonwealth indicated a willingness to consider a plea with a 15-to-30-year or greater sentence or testified concerning any discussions of any possible plea at any time.

Because there was no evidence at all that Appellant would have agreed to a 15-to-30-year or greater sentence if he had been advised that there was a possibility that he could be convicted of the third-degree murder charges, Appellant failed to show that there was a reasonable probability that he would have entered into a negotiated plea but for Attorney Raynor's advice. *Compare Rizor*, 304 A.3d at 1038-39, 1057-60 (prejudice not shown where there was no credible testimony from defendant that she would have accepted the Commonwealth's plea offer, even though she would have received a sentence of only $5^1/_2$ to 30 years rather than life imprisonment); *with Lafler*, 566 U.S. at 161, 174 (prejudice shown where record demonstrated that defendant had expressed willingness to accept a favorable plea bargain before counsel convinced him that he could not be convicted of the most serious charge); *Steckley*, 128 A.3d at 830, 832-34 (prejudice shown where defendant testified that he would have accepted plea offer of 2 to 6 years if attorney had advised him that he was subject to mandatory minimum 25-year sentence and PCRA court found that testimony credible). The PCRA court

therefore properly denied Appellant's claim that Attorney Raynor was ineffective on the ground that Appellant failed to show that he suffered prejudice.

Appellant did not raise his remaining issue, his claim that Attorney Malloy was ineffective, in the PCRA court. That does not bar Appellant from asserting a claim of ineffectiveness of Attorney Malloy as PCRA counsel in this appeal. Under **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), a defendant may raise claims of ineffective assistance of PCRA counsel for the first time on appeal from the denial of a timely filed first PCRA petition where the PCRA counsel in question represented the defendant throughout the proceedings in the PCRA court. **Id.** at 401-05. Here, Attorney Malloy represented Appellant from the filing of the amended PCRA petitions until July 21, 2022, after the appeal from the denial of Appellant's PCRA petition was filed, and new PCRA appellate counsel raised the issue of Attorney Malloy's ineffectiveness at the first opportunity, in his 1925(b) statement.

Appellant's claim that Attorney Malloy was ineffective, however, is barred because Appellant expressly waived the claim that he contends that Attorney Malloy was ineffective for failing to assert. Relief can be granted under the PCRA only where "the allegation of error has not been previously litigated or waived." 42 Pa.C.S. § 9543(a)(3). This is not a case where PCRA counsel's conduct of failing to raise a claim caused a waiver and the defendant therefore could claim ineffectiveness of PCRA counsel in waiving the claim.

Rather, Appellant, with knowledge that Attorney Malloy had represented him at the time of his rejection of the Commonwealth's plea offer, expressly waived any claim that Attorney Malloy was ineffective with respect to the plea offer that the Commonwealth made when he was Appellant's counsel.

At the beginning of the November 18, 2021 PCRA hearing, the PCRA court noted that Appellant's PCRA counsel, Attorney Malloy, had previously represented Appellant in this case and raised the issue of Attorney Malloy's inability to assert claims of his own ineffectiveness. N.T. PCRA, 11/18/21, at 3-4. Appellant acknowledged on the record that Attorney Malloy had represented him at his preliminary hearing and could not represent him on claims of ineffectiveness in that representation and stated as follows:

> MR. MALLOY: And what the judge is saying that if you're going to raise any issues of ineffective counsel at the preliminary hearing, I certainly could not represent you at that hearing nor should I go forward in this particular hearing. Do you understand that?
>
> [APPELLANT]: I understand.
>
> MR. MALLOY: So in essence, you would – you're either waiving or acknowledging that there was no ineffective counsel at the preliminary hearing. Is that correct?
>
> [APPELLANT]: That's correct.
>
> MR. MALLOY: That you're only proceeding on the ineffective assistance of counsel at the trial level. Correct?
>
> [APPELLANT]: Correct.
>
>           *             *             *
>
> THE COURT: … And the reason that I wanted to bring it up and not that I thought that that was a claim, but I just want you to

- 16 -

understand, you would – you might be precluded both by time and waiver if you tried to raise it later. So it's either now or never is essentially what we're telling you. So you are satisfied that there was no ineffectiveness in Mr. Malloy's representation at the preliminary hearing. Is that correct?

[APPELLANT]: That's correct.

*Id.* at 4-6. Having expressly represented that he did not wish to assert any claim that Attorney Malloy was ineffective as his pretrial counsel, he cannot now contend that Attorney Malloy was ineffective for failing to assert such a claim.

For the foregoing reasons, we conclude that neither of Appellant's issues merits relief. We therefore affirm the PCRA court's decision denying Appellant's PCRA petition.

Order affirmed.

Judge Nichols joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/26/2024